# Quinn v. Pennsylvania Railroad Company, Appellant.

*Appeals—Interlocutory order—Quashing appeal—Production of books and papers—Act of February 27, 1798, 3 Sm. L. 303.*

Where in an action against a railroad company to recover treble damages for an alleged illegal discrimination in the distribution of cars among shippers, an order is made making absolute a rule on the defendant to produce distribution sheets, and the defendant takes an appeal before the plaintiff enters a judgment against the defendant by default, as provided by the Act of February 27, 1798, 3 Sm. L. 303, the appeal will be quashed, inasmuch as such an order is interlocutory.

Argued April 23, 1907. Appeal, No. 284, Jan. T., 1906, by defendant, from order of C. P. Clearfield Co., Dec. T., 1904, No. 294, making absolute rule to produce papers in case of John Quinn v. Pennsylvania Railroad Company. Before FELL, BROWN, POTTER, ELKIN and STEWART, JJ. Appeal quashed.

Trespass to recover damages for an alleged wrongful discrimination in the distribution of coal cars.

From the record it appeared that the plaintiff, after issue had been joined, obtained a rule on the defendant to show cause why certain distribution sheets should not be produced for his inspection in advance of the trial. This rule was taken in accordance with the act of February 27, 1798, 3 Sm. L. 303, which is as follows:

" The Supreme Court and several courts of common pleas in this state shall have power in any action depending before

them, on motion, and upon good and sufficient cause shown, by affidavit or affirmation, and due notice thereof being given, to require the parties, or either of them, to produce books or writings in their possession or power, which contain evidence pertinent to the issue; and if either party shall fail to comply with such order, and to produce such books or writings, or to satisfy said courts why the same is not in the party's power so to do, it shall be lawful for the said courts, if the party so refusing shall be a plaintiff, to give judgment for the defendant as in cases of nonsuit, and if a defendant, to give judgment against him or her by default, as far as relates to such parts of the plaintiff or plaintiff's demands, or the defendant or defendant's defense, to which the books or papers of the party is alleged to apply."

The court made the rule absolute, and the defendant forthwith took an appeal alleging the order as error.

*Thomas H. Murray*, of *Murray & O'Laughlin*, and *John G. Johnson*, with them *Geo. Stuart Patterson*, for appellant.— The order entered by the court below is, it is submitted, a final one, from which an appeal will lie: Davenport Co. v. Penna. R. R. Co., 166 Pa. 480; Moelling v. Lehigh Coal & Nav. Co., 9 Phila. 223; Cottrell v. Warren, 18 Pa. 487; Butler v. Fayerweather, 91 Fed. Repr. 458; Cassatt v. Mitchell Coal & Coke Co., 150 Fed. Repr. 32.

*David L. Krebs*, with him *Patterson & Gleason* and *A. M. Liveright*, for appellee.—The order of August 9, 1906, is interlocutory: Stultzfoos's App., 3 P. & W. 265; Horner et al.'s Lateral Railroad, 37 Pa. 333; Hall's App., 56 Pa. 238; Chicago Life Ins. Co. v. Auditors of Public Accounts, 100 Ill. 478; Pfeiffer v. Crane, 89 Ind. 485; Palethorp's Est., 160 Pa. 316; Pennsylvania Steel Co.'s App., 161 Pa. 571; Platt v. Coal Mining Co., 191 Pa. 215; Slingluff v. Sisler, 193 Pa. 264; Transit Co. v. Pipe Line Co., 180 Pa. 224; Bostwick v. Brinkerhoff, 106 U. S. 3 (1 Sup. Ct. Repr. 15); Grant v. Phœnix Life Ins. Co., 106 U. S. 429 (1 Sup. Ct. Repr. 414); St. Louis, etc., R. R. Co. v. Express Company, 108 U. S. 24 (2 Sup. Ct. Repr. 6); Winthrop Iron Co. v. Meeker, 109 U. S. 180 (3 Sup. Ct. Repr. 111); Benjamin's Heirs v. Dubois, 118 U. S. 46 (6

Sup. Ct. Repr. 925); Hale v. Henkel, 201 U. S. 43 (26 Sup. Ct. Repr. 370); Cowles v. Cowles, 2 P. & W. 139; Bossler v. Johns, 2 P. & W. 331; Logan v. Pennsylvania R. R. Co., 132 Pa. 403; Gilpin v. Howell, 5 Pa. 41, 55; Dunham v. Riley, 4 Wash. C. C. 126; Wright v. Crane, 13 S. & R. 447; McNair v. Wilkins, 3 Wharton, 551; Tuttle v. Loan Co., 6 Wharton, 216.

OPINION BY MR. JUSTICE BROWN, June 25, 1907:

Error was committed in making this order, but we cannot now correct it. The order was an interlocutory one, and the appeal from it must be quashed: Logan et al. v. Pennsylvania Railroad Co., 132 Pa. 403. For refusal to comply with it the penalty will not be attachment for contempt, but the statutory one of judgment by default for the plaintiff. Until such judgment is taken the defendant cannot be harmed by the court's order to produce the daily distribution sheets. If it should be taken, on appeal from it, in reversing it, our reasons will be given why the order should not have been made.

Appeal quashed.