## United States Fidelity & Guaranty Company v. Slattery

*L. E. Enterline*, for plaintiff; *R. M. Bashore*, for defendant.

HOUCK, J., May 1, 1933.—This action was instituted by præcipe on March 31, 1930. On October 13, 1930, before a statement of claim was filed, plaintiff presented its petition alleging that the suit was brought to recover the earned premium upon a workmen's compensation and employer's liability policy of insurance, the premium being based upon defendant's payroll; that defendant was principally engaged in road and street construction work but, during the time the policy was in effect, was also engaged in the moving and hauling business and the removal of coal; and that defendant refused to exhibit to plaintiff's representative the amount of his payroll for hauling, moving, and the removal of coal, without which information plaintiff was unable properly to set forth the amount of premium due. On this petition, a rule was granted on defendant to show cause why he should not exhibit his books, checks, vouchers, etc., to a representative of plaintiff. An answer was filed, and the rule was argued before Koch, P. J. The rule was discharged in an opinion filed January 5, 1931, on the ground that the policy did not include the business of coal hauling. Thereafter, on September 30, 1932, plaintiff filed its statement of claim, in which it is alleged that the contract of insurance was executed on May 15, 1929; that from May 15th to August 20, 1929, defendant was engaged in the business of road or street construction, his total payroll amounting to $14,939.66, on which the premium was $328.68; that from October 1st to November 2, 1929, defendant was also engaged in the business of selling and delivering coal, in which business his payroll amounted to $1,186.25, making the premium $18.98; that from May 15th to November 29, 1929, defendant was also engaged in the business of hauling, drayage, and trucking, in which business the payroll amounted to $450, making the premium $11.92; that the policy was canceled as of November 29, 1929; and that defendant paid $250 on account of premium, leaving a balance due of $109.58, which plaintiff seeks to recover in this action. Defendant filed an affidavit of defense raising questions of law, assigning two reasons in support of it as follows: (1) The matter in issue is res adjudicata; and (2) the matter in issue was determined in the opinion filed on January 5, 1931, from which decision there has been no appeal.

The statutory demurrer cannot prevail. "The doctrine of res judicata is a principle of universal jurisprudence. . . . Briefly stated, this doctrine is that an existing final judgment or decree rendered upon the merits, and without fraud or collusion, by a court of competent jurisdiction, upon a matter within its jurisdiction, is conclusive of the rights of the parties or their privies, in all other actions or suits in the same or any other judicial tribunal of concurrent jurisdiction, on the points and matters in issue in the first suit": 15 R. C. L. 949,

484

sec. 429. A judgment to be a bar must be a final judgment on the merits: Weigley, Exec'r, v. Coffman, Exec'r, 144 Pa. 489, 498. The final judgment is such as at once puts an end to the action by determining that the plaintiff is or is not entitled to recover and the amount in debt or damages to be recovered: Mahoning County Bank's Appeal, 32 Pa. 158, 160. The judgment here in question was not a final judgment but was merely interlocutory: Logan et al. v. Pennsylvania R. Co., 132 Pa. 403; Quinn v. Pennsylvania R. R. Co., 219 Pa. 24. All that was decided when the rule was discharged was that the plaintiff was not entitled to inspect defendant's books. Certainly this judgment does not bar the action.

Even were we to hold that the opinion filed January 5, 1931, prevents recovery of a premium based upon the payroll for the coal hauling business and for the drayage business, we could not enter judgment for defendant. The statement of claim shows an earned premium due of $328.68, based upon the payroll in the road and street construction business, which business is admittedly comprised within the terms of the policy of insurance. Defendant has paid only $250. If the statement be true, defendant still owes plaintiff $78.68 arising from a premium concerning which there has not yet been any adjudication whatever.

It may be that the opinion filed January 5, 1931, will, upon the trial, be treated as the law of the case: see Marsh v. Pier, 4 Rawle 273, 289. On this point, however, we now express no opinion. All that we decide is that the interlocutory judgment has not rendered the issue here involved res adjudicata. Consequently, the statutory demurrer must be overruled.

And now, May 1, 1933, the affidavit of defense raising questions of law is overruled and defendant is allowed 15 days from this date in which to file an affidavit of defense on the merits.

And now, May 1, 1933, an exception is allowed defendant and bill is sealed.

From M. M. Burke, Shenandoah, Pa.