Commonwealth ex rel. Bittner, Appellant, *v.* Price.

Argued October 3, 1967. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Alan Frank,* for appellant.

*Edwin J. Martin,* Assistant District Attorney, with him *Robert W. Duggan,* District Attorney, for appellee.

OPINION PER CURIAM, November 28, 1967:

The appellant, Edward Bittner, following a coroner's inquest, was held on the charge of murder pending action by the grand jury. An action in habeas corpus was instituted which the lower court dismissed. Subsequently, Bittner was indicted by the grand jury for

murder and involuntary manslaughter. Later, this appeal was filed from the order below dismissing the habeas corpus action.

We need not reach the question of whether or not the indictments returned by the grand jury rendered the issues raised by this appeal moot, since the appeal is from an unappealable order and must be quashed.

The appellant does not seek release on bail and under such circumstances the pretrial order refusing a writ of habeas corpus is interlocutory, from which, absent exceptional circumstances, an appeal does not lie. Cf. *Commonwealth v. Pollick,* 420 Pa. 61, 215 A. 2d 904 (1966), and *Commonwealth ex rel. Fisher v. Stitzel,* 418 Pa. 356, 211 A. 2d 457 (1965).

Appeal quashed.

Mr. Justice MUSMANNO took no part in the consideration or decision of this case.

---

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

I do not agree that an appeal from the denial of a habeas corpus petition is interlocutory and therefore must be quashed. The result of such a doctrine would be to render unappealable all challenges to the legality of pretrial detention. However, I do believe that Bittner's present incarceration is lawful and thus would affirm the denial of the writ on this basis, rather than quash this appeal.

The function of a writ of habeas corpus is to test the legality of the prisoner's detention. See *Fay v. Noia,* 372 U.S. 391, 399-420, 83 S. Ct. 822, 827-38 (1963) ; *Commonwealth ex rel. Levine v. Fair,* 394 Pa. 262, 146 A. 2d 834 (1958). The grand jury, finding that there were "probable grounds" to hold Bittner for trial, has indicted the prisoner. See Laub, Pennsylvania Trial Guide §604, at 202 (1959). Appellant's present pretrial detention pursuant to the true bill re-

turned by the grand jury is therefore legal and the propriety of the denial of the writ is moot.

Appellant also filed interrogatories, contending that he was entitled to do so under the rules of civil procedure since habeas corpus is classified as a civil action. The court below sustained the district attorney's objections to these interrogatories.[1] An appeal does not lie from this interlocutory order. *Mackowain v. Gulf Oil Corp.*, 369 Pa. 581, 87 A. 2d 314 (1952) (motion to file interrogatories); *Young v. Bradford County Telephone Co.*, 346 Pa. 90, 29 A. 2d 533 (1943) (motion to examine documents); *Quinn v. Pennsylvania Railroad Co.*, 219 Pa. 24, 67 Atl. 949 (1907) (motion to produce documents).[2]

---

[1] The record below leaves unclear whether the court sustained the objections on the merits or merely held that it would not consider the objections in the context of a habeas corpus proceeding.

[2] Appellant also asserts that he was denied effective assistance of counsel at his preliminary hearing (in this case, the coroner's inquest). If this inquest can properly be classified as a critical stage, this complaint can be voiced in an appeal from conviction.