Kingdon W. Swayne, Treasurer of Bucks County, to the Use of Robert D. Culp *v.* Wilmer L. Lovett. Robert D. Culp, Appellant.

Argued October 6, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Robert D. Culp,* appellant, for himself.

*J. Eric Atherholt,* with him *Pratt, Clark, Gathright & Price,* for appellee.

OPINION BY JUDGE ROGERS, October 29, 1975:

This is the appeal of Robert D. Culp, real plaintiff in an action in assumpsit, from an order of the Court of Common Pleas of Bucks County, overruling Culp's motion for judgment on the pleadings on the ground that the plaintiff's right to judgment was unclear. We are required to reverse the order of the lower court.

Mr. Culp brought suit in the name of Kingdon W. Swayne, the Treasurer of Bucks County, to his, Culp's use, on a surplus bond filed by the defendant, Wilmer L. Lovett, as purchaser of a premises sold for delinquent taxes as the property of one Frances Wieand. Mr. Culp's complaint alleges the defendant's purchase of the Wieand property at tax sale, the defendant's filing of the surplus bond[1] and that Frances Wieand had, subsequent to the tax sale, conveyed the property to him, Culp, by a docu-

---

1. The bond is in the amount of $2059.02, the difference between Lovett's bid of $2100 and the delinquent taxes, and its conditions follow the wording of the statute hereinafter quoted.

ment thereafter duly recorded at a specified book and page in the Office of the Recorder of Deeds of Bucks County. The defendant expressly admitted all of the averments, except that relating to the conveyance by Frances Wieand to the use plaintiff. This, the defendant answered by a general denial followed by a declaration that after reasonable investigation the defendant was unable to determine the truth or falsity of the averment. The denial was insufficient in law since the means of proof were matters of public record. *Strank v. Mercy Hospital of Johnstown*, 376 Pa. 305, 102 A.2d 170 (1954).

Section 13 of the Act of May 29, 1931, P.L. 280, *as amended*, 72 P.S. §5971m provides:

> "After any sale of property or lands for delinquent taxes has been confirmed by the court, as aforesaid, it shall be the duty of the purchaser or purchasers, where the bid exceeds the taxes, interest, and costs, as aforesaid, to make and execute to the said treasurer, for the use of the persons entitled, a bond for the surplus money that may remain after satisfying and paying all the taxes, interest, and costs, as aforesaid, with warrant of attorney to confess judgment annexed thereto, and it shall be the duty of said treasurer to forthwith file said bond in the office of the prothonotary of the proper county, at the number and terms where said report and return is filed; and the surplus bond filed as aforesaid, from the time of the date of the deed for property thus sold, shall bind, as effectually and in like manner as judgments, the land by said treasurer sold into whose hands or possession it may come; and the owners of said lands, at the time of sale, their heirs or assigns, or other legal representatives, may, in not less than two years or more than five years after confirmation of such sale, cause judgment to be entered in said court upon said bond, in the name of said treasurer, for the use of said owners, their heirs, assigns or

legal representatives (as the case may be); and in case the moneys mentioned in said bonds, with legal interest thereon, be not paid within thirty days after judgment thereon, execution may issue against the property therein before sold, and said property be sold upon writ of fieri facias, without condemnation or inquisition or the benefit of any exemption laws."

The learned Judge of the court below informs us that the document evidencing the transfer from Wieand to Culp is entitled a "quit claim deed" and that by it Wieand assigned, transferred, conveyed and sold to Culp, his heirs and assigns, "all and any rights, title, bond, principal, interest past, present and future" in the premises. Mr. Culp was therefore clearly Frances Wieand's assign entitled under Section 13 to cause judgment to be entered on the surplus bond in the name of the treasurer to Culp's use. It follows that he is entitled to have the same judgment entered in this suit in assumpsit.[2]

The appellee's motion to quash the appeal as interlocutory is without merit and is dismissed. Act of April 18, 1874, P. L. 64, *as amended,* 12 P.S. §1097.

Order reversed; the record is remitted for entry by the Prothonotary of Bucks County of judgment in favor of Kingdon W. Swayne, Treasurer, to the use of Robert D. Culp, and against Wilmer L. Lovett in the amount of $2,059.02 plus interest at the rate of 6% per annum from August 3, 1970 to the date of entry.

---

2. Section 15 of the Act of May 29, 1931, 72 P.S. §5971o provides a right of redemption of the real estate during two years from the date of the sale. This right had expired when Culp took Wieand's assignment. The defendant's argument that Wieand had nothing to assign is without merit, since she remained entitled to the surplus represented by the bond which she could and did assign to Culp.