## Bogley, Harting & Reese, Inc. v. Stuart

*Mathew J. Ryan*, for plaintiff.
*R. Kerry Kalmbach*, for defendants.

GAWTHROP, *J.*, April 10, 1979—This matter, an action in mortgage foreclosure, comes before us on a motion for judgment on the pleadings filed on behalf of plaintiff. The case was begun by complaint, filed on June 7, 1978, and served on June 22, 1978. The answer filed by defendants on July 11, 1978, is a model of brevity. We reproduce here the averments of the complaint, immediately followed by the entirety of defendants' answers to each paragraph, in brackets.

"1. The Plaintiff, Bogley, Harting and Reese, Inc. (formerly known as Bogley, Harting, Mahoney & Lebling, Inc.), brings this action against the above Defendants, Robert D. Stuart and Diane D. Stuart, his wife, to foreclose a mortgage given by the said Defendants to Bogley, Harting, Mahoney & Lebling, Inc., Plaintiff, said Mortgage being dated August 31, 1976, and recorded in the Office of the Recorder of Deeds in and for Chester County in Mortgage Book 049, page 81." [Denied].

"2. The premises subject to the said mortgage are described in Exhibit 'A' attached hereto and made a part hereof." [Admitted].

"3. The Defendants, Robert D. and Diane D. Stuart, his wife, are the real owners and mortgagors of the subject premises which are known as 452 Concord Avenue, Exton, Chester County, Pennsylvania." [Admitted].

"4. The aforesaid mortgage is in default owing to the failure of the Defendants, or either of them, to make contractual monthly payments on the inter-

est and amortization of principal on the 1st day of the following months: November and December of 1977; January, February, March, April and May of 1978, the respective due dates of each such payment." [Denied].

"5. As a result of the aforesaid, the Plaintiff gave notice by certified mail of intention to take action as provided in Section 403 of Act No. 6 of 1974; a copy of said notice is attached hereto, made a part hereof and marked Exhibit 'B'." [Denied].

"6. Plaintiff's affidavit of compliance with the notice requirements of the said Act is attached hereto, made a part hereof and marked Exhibit 'C'." [Denied].

"7. More than thirty (30) days having passed since the date of said notice, and now at the time of filing of this Complaint the following amounts are due under the mortgage:

| | | |
|---|---|---|
| (a) | Principal as reduced | $44,632.31 |
| (b) | Interest from 1/1/77 | 2,370.93 |
| (c) | Late Charges | 99.62 |
| (d) | Attorney's Commission, 5% | 2,231.62 |
| (e) | Costs | |

| | |
|---|---|
| | $49,334.48 |
| Less overdraft-escrow balance | 967.07 |
| | $48,367.41" |

[Denied].

"8. Defendants have not cured within the said thirty (30) days; are in arrearages and in default of this mortgage obligation for which Plaintiff demands judgment for the amount due; which to date is $48,367.41; plus interest and costs incident to an actual sale by the Office of the Sheriff of Delaware County in the event the same becomes necessary at some time later than the date of this Complaint." [Denied].

Thereafter, on August 2, 1978, a motion for judgment on the pleadings was filed, with rule returnable on August 2, 1978. No answer was filed thereto; nor were briefs filed addressing the same. On August 30, 1978, the case was assigned to the Honorable John M. Wajert for disposition of the outstanding motion. On November 1, 1978, Judge Wajert ordered the file returned to the prothonotary, without prejudice, for the parties to comply with Chester County Rule of Court 211.

On December 7, 1978, a second motion for judgment on the pleadings was filed, alleging essentially the same as the first, to wit: failure to comply with the rudimentary rules of responsive pleading, requiring a demand for proof, an averment that after reasonable investigation the pleader is without knowledge or information sufficient to form a belief as to the truth of the averment, or that he is without such information because the means of proof are within the exclusive control of an adverse party or hostile person, and condemning general denials, construing the same as an admission.

The rule thereon was returnable December 22, 1978, on which date an answer was filed, admitting defendants' earlier admissions of paragraph 2 of the complaint, but asserting several denials.

The allegation that defendants made general denials with no demand for proof, incorporating by reference a copy of that answer, was greeted with the following retort:

"Denied. To the contrary, if Defendants were able to ascertain the validity of the allegations as set forth by Plaintiffs, there would have been no necessity for an original answer; hence, it is evident proof is demanded and the allegations are denied."

Paragraph 2 of plaintiff's motion, alleging the language of Pa.R.C.P. 1029(b) and (c) was "Denied as a conclusion of law."

The fourth and fifth paragraphs of plaintiff's motion, that "all of the averments in Plaintiff's Complaint are therefore admitted or deemed admitted and no material facts are at issue" is countered thusly: "Denied. To the contrary, there are material facts at issue and said averments of the Plaintiff are strictly denied and proof is demanded."

This answer to the motion for judgment on the pleadings was neither supported by affidavit[1] nor furnished to opposing counsel.[2]

On December 6, 1978, counsel for plaintiff sent a brief in support of the motion to our court administrator's office. No brief has ever been filed on behalf of defendants.

## ISSUES

This case turns on the continuing vitality of our fact-pleading requirements. Specifically, does a bald, general denial, bereft of any demand for proof, or averment of reasonable investigation, or possession of knowledge by adverse party or hostile per-

---

1. Pa.R.C.P. 206 states: "Petitions and Answers. Every petition and answer containing allegations of fact which do not appear of record shall be verified by affidavit." See also Pa.R.C.P. 1024.

2. The Code of Professional Responsibility, DR 7-110(B)(2), states in pertinent part: "In an adversary proceeding, a lawyer shall not communicate, . . . as to the merits of the cause with a judge or an official before whom the proceeding is pending, except: [i]n writing, if he promptly delivers a copy of the writing to opposing counsel . . ." See also Pa.R.C.P. 1027.

son, constitute an admission? We conclude that it does. The second question is whether, our having construed these general denials as admissions, plaintiff's motion for judgment on the pleadings should be granted. We find that it should.

## DISCUSSION

If the averments of plaintiff's complaint are fact, showing repeated failure of defendants to pay upon the subject mortgage, it seems clear that judgment on the pleadings is warranted. Our inquiry here turns to the question of whether defendants' responsive pleadings constitute admissions, elevating plaintiff's complaint to the status of fact.

Our analysis begins with a review of Pa.R.C.P. 1029, the language of which appears to call for this result:

"(a) A responsive pleading shall admit or deny the averments of fact in the preceding pleading or part thereof to which it is responsive. Admissions and denials in a responsive pleading shall refer specifically to the paragraph in which the averment admitted or denied is set forth.

"(b) Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivision (c) of this rule, shall have the effect of an admission.

"(c) An averment shall be deemed to be denied if proof thereof is demanded and the pleader states either (1) that after reasonable investigation he is without knowledge or information sufficient to form a belief as to the truth of the averment, or

(2) that he is without such knowledge or information because the means of proof are within the exclusive control of an adverse party or hostile person. The pleader shall not be required to state what investigation he has made or to rely upon information received from an adverse party or hostile person.

"(d) Averments in a pleading to which no responsive pleading is required shall be deemed to be denied."

Preliminary, we are mindful of Pa.R.C.P. 126, calling for liberal construction and just application of the rules, and allowing the court to disregard any error or defect of procedure which does not affect the substantial rights of the parties. We are equally bound, however, by the language of Rule 127(b): "Every rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity the letter of it is not to be disregarded under the pretext of pursuing its spirit."

We believe that to read Rule 1029 as the answer to the instant motion seems to urge would not only fail to give effect to all that rule's provisions, but, in fact, would render it a nullity. We have neither the authority nor the inclination to undertake such a repeal.

The word "denied" repeatedly has been held an insufficient responsive pleading, tantamount to an admission. See, e.g., County of Delaware v. Mingin, 38 Del. Co. 102 (1950); Ottaviani v. Kinkus, 26 Fayette 1 (1962); Lower Salford Township v. Colgan, 84 Montg. 51 (1963); Roman v. Alizauskas, 54 Luz. 169 (1964). See also Carafoil-Silverman Co. v. Elton, 47 Schuyl. 67 (1949); 2 Goodrich-Amram 2d §1029(b):3.

One purpose of the rule in question is to enable the parties to focus upon the facts on which they disagree, and to achieve agreement as to the matters not in dispute, obviating the need for presenting evidence thereon. This not only aids the parties in preparing the case, but is of appreciable assistance to the court, as it reduces the time taken for trial, eliminating the unnecessary.

In this case, defendants' response furthers this end not one whit. Not only does it fail so to distill the disputed material facts, but the answers are obviously false on their face in many particulars. We recite but a few of the more egregious examples:

In Paragraph 1, we note that defendants' blanket, unqualified denial fails to make clear whether they deny that plaintiff is bringing an action against them, that they are the above-named defendants, that a mortgage was given to them by the plaintiffs, or the date of the mortgage, among other possibilities. Having admitted, in Paragraphs 2 and 3, that they are the owners of premises subject to the mortgage described in Paragraph 1, we find it ". . . incredible that [Defendants] as a party to said documents . . . should be so completely ignorant of what transpired . . . as to be unable to answer the clear and simple allegations of the Complaint." Scales v. Sheffield Fabricating, _____ Pa. Superior Ct. _____, 393 A. 2d 680, 682 (1978). In short, we conclude that the denial in question is not only inadequate as a matter of law, but also that it fails to demonstrate even the most rudimentary good faith compliance with our rules. "To deny that which one knows to be true is not to be condoned." Phillips v. Bailey, 11 D. & C. 3d 45 (1978). So also

for Paragraphs 4, 5, 6, 7, and 8, with particular regard to the denials of exhibits attached to the complaint.

Even were we to take defendants' denials as a repetition in negative form of plaintiff's averments, this would still be insufficient: "[t]his form of denial is clearly a negative pregnant, and may be taken to admit [the specific allegations]." Williams v. Kosek, 33 Luz. 242, 243 (1939).[3]

Defendants have not brought any material facts to our attention which might give them a meritorious defense to this action, contrary to the allegations made in their answer to this motion. See Paragraph 4, supra. We also reject their assertion propounded in the answer to the motion for summary judgment, that they are unable to ascertain the validity of the allegations in the complaint. Cf. Strank v. Mercy Hospital of Johnstown, 376 Pa. 305, 102 A. 2d 170 (1954). For the foregoing reasons, we construe all the averments of the complaint as admitted. Having done so, we turn to the question whether judgment on the pleadings is appropriate.

Because of their failure to raise any facts or issues containing the possibility of a defense on the merits, we are guided by the specific language of Rule 1029 and are not inclined to assume that a

---

3. A negative pregnant is defined as "[i]n pleading, a negative implying also an affirmative." Black's Law Dictionary (Rev. 4th Ed. 1968). Black's, citing Cowell, offers the following example: "As if a man be said to have aliened land *in fee* and he says *he has not aliened in fee*, this is a negative pregnant; for, though it be true that he has not aliened in fee, yet it may be that he has made an estate *in tail*." (Emphasis in original.)

meritorious defense exists. To do otherwise would be to encourage "this indifferent, cavalier, and unexplained manner of pleading. . . ." Ottaviani v. Kinkus, supra. at 3. Cf. Strank v. Mercy Hospital of Johnstown, supra; Swayne v. Lovett, 21 Pa. Commonwealth Ct. 462, 346 A. 2d 857 (1975). Both of these cases treated as admitted matters of public record which were generally denied. Here, the facts of the deed book, for example, are of record, open to public scrutiny in the Chester County courthouse forty hours a week. For defendants to profess inability "to ascertain the validity of the allegations," in the face of that truth, to cite but one particular, insults intelligence. We reiterate our discussion of the incredibility of attempting to deny knowledge of a document to which one was privy. Such an attempt to toy with our procedures we expressly censure. This, coupled with their failure to file any supporting brief, leads inexorably to our conclusion that there are indeed no material facts at issue, and that defendants do not have a defense to this suit. Under such circumstances, we find that judgment on the pleadings is properly entered.

Accordingly, we enter the following

## ORDER

And now, April 10, 1979, plaintiff's motion for judgment on the pleadings is hereby granted. Plaintiff is hereby permitted to enter judgment in favor of plaintiff and against defendants in the amount of $51,280.76, plus interest and costs, including reasonable counsel fees.[4]

---

4. See 42 Pa.C.S.A. §§1726(1), 2503(7).