428 A.2d 232

The PHILADELPHIA NATIONAL BANK

v.

LUTHERLAND, INC., Nivel Corporation, MW Manufacturing Corp., Kenneth A. Burdon, George B. Erskine, Allan F. Levin, William Meisel, Grier Y. Boedker, John Gresimer, Arthur M. Peters, Jr., and Donald Johnson.

Appeal of George B. ERSKINE, John Gresimer, and William L. Meisel.

Superior Court of Pennsylvania.

Argued Jan. 6, 1981.

Filed April 3, 1981.

R. Stephen Shibla, Harrisburg, for appellants.

Gregory M. Harvey, Philadelphia, for Philadelphia Nat. Bank, appellee.

Fred C. Pace, Mahanoy City, for Levin, appellee.

Joseph Murphy, Scranton, for Boedker, appellee.

Jonathan Wheeler, Philadelphia, for Peters, Jr., and Johnson, appellees.

Before PRICE, WIEAND and HOFFMAN, JJ.

PER CURIAM:

Appellants contend that the lower court erred in allowing appellee to pursue deficiency judgment proceedings because appellee's petition to fix the value of the property sold was untimely. Because the action of the lower court was interlocutory and is nonappealable at this juncture, we do not reach the merits of appellants' contentions and, instead, quash the appeal.

Sometime in 1977, appellee obtained a judgment of revival against Lutherland, Inc. On December 28, 1977, the Sheriff of Monroe County conducted an execution sale at which

appellee purchased the premises of Lutherland, Inc. for the sum of $939.04 representing the Sheriff's costs incident to the sale. The sheriff's deed was executed and recorded on April 18, 1978. On July 24, 1978, appellee filed a petition to fix the fair market value of the premises pursuant to the Deficiency Judgment Act, Act of July 16, 1941, P.L. 400, § 6, 12 P.S. § 2621.6. Subsequently, appellants filed a petition to have appellee's judgment marked satisfied and to strike appellee's petition to fix the fair market value of the premises. Appellants contended that appellee's petition was untimely because it was filed twenty-six days beyond the six-month period allowed by section 7.1 of the Act, 12 P.S. § 2621.7a. Appellee responded, however, that the petition was timely because the six-month period did not commence until the delivery of the sheriff's deed. The lower court agreed with appellee, holding that its petition was timely. This appeal followed.

Appellants contend that this Court has jurisdiction pursuant to 42 Pa.C.S.A. § 742, governing appeals from final orders. We disagree. "A final order is one which ends the litigation, or alternatively, disposes of the entire case.... Conversely phrased, '[a]n order is interlocutory and not final unless it effectively puts the defendant "out of court." ' *Ventura v. Skylark Motel, Inc.*, 431 Pa. 459, 463, 246 A.2d 353, 355 (1968)." *Piltzer v. Independence Federal Savings and Loan Association*, 456 Pa. 402, 404, 319 A.2d 677, 678 (1974). *See also Robinson v. Pocono Futures, Inc.*, 275 Pa.Super. 44, 418 A.2d 602 (1980). The order here appealed is clearly interlocutory because it does not terminate the valuation proceedings. Instead, the instant order merely determines that appellee's petition to fix the fair market value of the premises was timely filed. In an analogous context, our Supreme Court has held that an order denying a motion for judgment on the pleadings asserting the statute of limitations is interlocutory and not appealable unless specifically made so by statute. *Bellotti v. Spaeder*, 433 Pa. 219, 220, 249 A.2d 343, 344 (1969). Because this order is

interlocutory, and appeal therefrom is not authorized by law,* we must quash this appeal.

Appeal quashed.

---

* This Court's jurisdiction over interlocutory appeals is governed by the following statutes and rules: 42 Pa.C.S.A. § 702(a) and Pa.R.A.P. 311 (dealing with interlocutory appeals as of right); and 42 Pa.C.S.A. § 702(b) and Pa.R.A.P. 312, 1301–1323 (interlocutory appeals by permission). *See also* 42 Pa.C.S.A. § 5105(c).