435 A.2d 878

**In re Michael McGOVERN.**

**Appeal of R. Marlene REAM.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed Oct. 2, 1981.

D. Patrick Zimmerman, Lancaster, for appellant.

J. Elvin Kraybill, Lancaster, for participating party.

Before CAVANAUGH, DiSALLE and MONTEMURO, JJ.

PER CURIAM:

This appeal is from the lower court's denial of a petition filed on behalf of appellant, R. Marlene Ream, for the discovery of juvenile records.[1] The petition avers that appellant was shot in the hand with a BB rifle fired by Michael Mc Govern, the juvenile whose records are in question, and that the appellant has elected to bring a civil action against Michael Mc Govern and his parents.[2] Appellant's attorney, alleging that the records are necessary for the preparation of the case, seeks to discover "the address of the said juvenile, the name and address of the other party with the said juvenile, as well as such other information as he deems relevant." The Director of the Juvenile Probation and Parole Department of Lancaster County filed an answer to the petition, objecting to the release of the requested information as inconsistent with the purposes of the Juvenile Act, 42 Pa.C.S.A. § 6301 et seq., and as not "within any of the exceptions in that Act to the general prohibition of release of information concerning juveniles," 42 Pa.C.S.A. §§ 6307, 6308.

[1] The original petition named appellant's attorney, not the appellant, as the petitioner. This appeal, however, was taken in the name of the appellant. We note that appellant has not, on the record, signed any supporting affidavit. Under the circumstances, we have serious doubts as to the attorney's standing to file the petition in the first instance, or appellant's standing to take this appeal. We will not address these issues, however, because of our disposition of this appeal.

[2] Appellant has not, as of the taking of this appeal, filed such action.

We hold that this order is not final for purposes of appeal because the appellant has not been put "out of court."[3] This appeal, therefor, is quashed as interlocutory. *Giannini v. Foy*, 279 Pa.Super. 553, 421 A.2d 338 (1980).

Appeal quashed.

MONTEMURO, J., concurs in the result.

**3.** We also note that the petition was properly denied because appellant has failed to exhaust other avenues to obtain the desired information. In addition, the petition fails to establish that the information sought is within any of the exceptions above referred to.