437 A.2d 1255

**Salvatore NOTO,**

v.

**Jeanette NOTO, Appellant.**

Superior Court of Pennsylvania.

Argued March 30, 1981.

Filed Dec. 11, 1981.

Eric I. Lerner, Philadelphia, for appellant.

Paul R. Beckert, Fairless Hills, for appellee.

Before CERCONE, President Judge, and HESTER and JOHNSON, JJ.

JOHNSON, Judge:

Salvatore Noto, the former husband and plaintiff in this action, filed suit demanding compensation for various types of jointly owned personal and real property which the defendant, his former wife Jeanette, had allegedly kept for herself. Jeanette filed an answer and new matter, raising the issues of res judicata and the statute of limitations. Salvatore's reply to the new matter merely denied Jeanette's averments. Jeanette then filed a motion for judgment on the pleadings [1] which was denied by the trial judge. The judge treated the motion as a motion for summary judgment [2] and based his denial on the questions of fact raised by Jeanette's new matter and by Salvatore's reply. [3]

Jeanette brought this appeal from the denial of her motion for judgment on the pleadings. Because the decision below was an interlocutory order, the appeal is quashed.

Appellant, Jeanette, asserts that this court has jurisdiction over her appeal under the Act of April 18, 1874, P.L. 64, § 1, 12 P.S. § 1097. She is mistaken for two reasons. Firstly, that statute gave *plaintiffs*, not defendants, a right of appeal from a denial of a judgment on the pleadings in

1. Pa.R.Civ.P. 1034.

2. Pa.R.Civ.P. 1035.

3. *Noto v. Noto*, No. 80-3734-05-5, slip op. at 3. (C.P., Bucks County, September 16, 1980).

*assumpsit* actions.[4]   Secondly, it has been repealed[5] and is superseded by the Act of July 9, 1976, P.L. 586, No. 142, § 2, effective June 27, 1978, as amended, 42 Pa.C.S.A. § 5105.[6] This new statute provides that appeal may be taken from such interlocutory orders as are specified by law.   The Pennsylvania Rule of Appellate Procedure 311, which implements 42 Pa.C.S.A. § 5105(c), provides for interlocutory appeals as of right.   Appeals from judgments on the pleadings are not included in this rule.

Pa.R.App.P. 1311 describes the procedure for interlocutory appeals by permission.[7]   In the case before us not only is

4.  *See Bellotti v. Spaeder*, 433 Pa. 219, 249 A.2d 343 (1969); *Vendetti v. Schuster*, 418 Pa. 68, 208 A.2d 864 (1965); *Swayne v. Lovett*, 21 Pa.Commw.Ct. 462, 346 A.2d 857 (1975).

5.  Act of April 28, 1978, P.L. 202, No. 53, § 2(a)[633], effective June 27, 1980.

6.  42 Pa.C.S.A. § 5105 (Purdon 1981) provides in relevant part:
      (c) Interlocutory appeals.—There shall be a right of appeal from such interlocutory orders of tribunals and other government units as may be specified by law.   The governing authority shall be responsible for a continuous review of the operation of section 702(b) (relating to interlocutory appeals by permission) and shall from time to time establish by general rule rights to appeal from such classes of interlocutory orders, if any, from which appeals are regularly permitted pursuant to section 702(b).
    42 Pa.C.S.A. § 702(b) provides:
      (b) Interlocutory appeals by permission.—When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order.   The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

7.  Pa.R.App.P. 1311 provides in relevant part:
      (a) General rule.   An appeal may be taken by permission under 42 Pa.C.S. § 702(b) (interlocutory appeals by permission) from any interlocutory order of an administrative agency or lower court. See Rule 312 (Interlocutory appeals by permission).
      (b) Petition for permission to appeal.   Permission to appeal from an interlocutory order containing the statement prescribed by 42 Pa.C.S. § 702(b) may be sought by filing a petition for permission to appeal with the prothonotary of the appellate court within 30 days after entry of such order . . . .

there no § 702(b) statement in the order denying the judgment on the pleadings, but the trial judge in his opinion specifically declined to comment on the appealability of the order.[8]

■ This court has jurisdiction over all appeals from final orders of the courts of common pleas. 42 Pa.C.S.A. § 742 (Purdon 1981). A final order is one which ends the litigation, or disposes of the case. *Pennsylvania Turnpike Commission v. Atlantic Richfield Co.*, 482 Pa. 615, 394 A.2d 491 (1978); *Tunstall v. Penn Federal Savings and Loan Association*, 287 Pa.Super.Ct. 511, 430 A.2d 1007 (1981); *Giannini v. Foy*, 279 Pa.Super.Ct. 553, 421 A.2d 338 (1980). An order is interlocutory and not final unless it puts the litigant out of court. *Napet, Inc. v. Benkart Co.*, 288 Pa.Super.Ct. 187, 431 A.2d 351 (1981); *Giannini v. Foy, supra. See also Hughes v. Pron*, 286 Pa.Super.Ct. 419, 429 A.2d 9 (1981) (motion for summary judgment is interlocutory and not appealable); *Philadelphia National Bank v. Lutherland, Inc.*, 286 Pa.Super.Ct. 48, 428 A.2d 232 (1981).

■ By denying a motion for judgment on the pleadings the trial judge was concluding that there were issues of fact which needed to be resolved. There has been no final order yet in this case. This appeal must therefore be quashed.

42 Pa.C.S.A. § 702(b) is quoted at note 6 *supra*.

**8.** *Noto v. Noto*, No. 80–3734–05–5, slip op. at 1 (C.P., Bucks County, September 16, 1980).