458 A.2d 1016

**Linda DeWALD, Appellee,**

v.

**Anthony PAULINE, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 1, 1982.

Filed April 15, 1983.

Joseph R. Ferdinand, Hazelton, for appellant.

Chester B. Muroski, District Attorney, Wilkes-Barre, for appellee.

Before WICKERSHAM, ROWLEY and McEWEN, JJ.

PER CURIAM:

We here review an appeal brought by a putative father in a paternity action from an order which denied a petition filed by appellant raising the defense that the applicable statute of limitations had expired. We do not reach the merits of this contention since we decide that the instant appeal must be quashed.

Despite the fact that neither of the parties have raised the issue of whether the order is appealable, we are compelled to address this issue *sua sponte*. *Epstein v. State Farm Insurance Co.*, 308 Pa.Super. 33, 453 A.2d 1054 (1982); *Napet, Inc. v. John Benkart & Sons Co.*, 288 Pa.Super. 187, 431 A.2d 351 (1981). The jurisdiction of this court is governed by 42 Pa.C.S.A. § 742 which provides as follows:

Section 742. Appeals from courts of common pleas

The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, regardless of the nature of the controversy or the amount involved, except such classes of appeals as are by provision of this chapter within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court.

 A final order is one which ends the litigation, or alternatively, disposes of the entire case. *Cassidy v. Keystone Insurance Co.,* 297 Pa.Super. 421, 443 A.2d 1193 (1982). In contrast, an order is interlocutory and not final unless it effectively puts the defendant "out of court". *Philadelphia National Bank v. Lutherland, Inc.,* 286 Pa. Super. 48, 428 A.2d 232 (1981).

 The order here appealed is interlocutory since it merely dismissed the petition of appellant which raised the statute of limitations, leaving for subsequent determination the issues of paternity and support. Thus, it did not end the litigation. *See Bellotti v. Spaeder,* 433 Pa. 219, 249 A.2d 343 (1969).[1] Furthermore, the appeal from this interlocutory order is not authorized by law[2] nor was the appeal taken by permission.[3]

Appeal quashed.

---

1. The appealability of orders in paternity actions is governed by Pa.R.C.P. No. 1910.15(f), 42 Pa.C.S.A.; *see Commonwealth ex rel. Wright v. Lacy,* 291 Pa.Super. 185, 435 A.2d 630 (1981); *Jackson v. Moultrie,* 288 Pa.Super. 252, 431 A.2d 1033 (1981); *Williams v. Williams,* 253 Pa.Super. 444, 385 A.2d 422 (1978).

2. *See* 42 Pa.C.S.A. § 702(a) and Pa.R.A.P., Rule 311, 42 Pa.C.S.A. (dealing with interlocutory appeals as of right).

3. *See* 42 Pa.C.S.A. § 702(b) and Pa.R.A.P., Rules 312, 1301–23 (interlocutory appeals by permission).