588 A.2d 553

**William E. BLAKE, Appellant,**

v.

**Robert J. GARVIN.**

Superior Court of Pennsylvania.

Submitted Jan. 22, 1991.

Filed April 3, 1991.

Reargument Denied May 8, 1991.

William E. Blake, pro se.

Samuel P. Kamin, Pittsburgh, for appellee.

Before ROWLEY, President Judge, and DEL SOLE and HOFFMAN, JJ.

HOFFMAN, Judge:

This *pro se* appeal is from a July 30, 1990 order granting appellee's preliminary objections and dismissing appellant's complaint. Appellant challenges the propriety of the trial court's grant of the preliminary objections. We affirm.

Appellant and his former spouse, Martha M. Blake, were divorced on July 13, 1989. During the pendency of the divorce litigation, Mrs. Blake filed a Petition for Counsel Fees. On February 14, 1990, a hearing was held concerning Mrs. Blake's entitlement to counsel fees. On February 15, 1990, the trial court granted Mrs. Blake's petition in part and ordered appellant to pay counsel fees and costs in the amount of $1,082.00. No appeal was taken from this order.

Subsequently, on March 16, 1990, appellant filed a *pro se* Trespass and Assumpsit Complaint against appellee Robert J. Garvin, Esquire, counsel for Mrs. Blake in the divorce proceeding, alleging that Mr. Garvin had lied in court about his fees. *See* Trespass and Assumpsit Complaint, March 16, 1990. The suit was an apparent attempt to collaterally attack the February 15 order directing him to pay counsel fees. In the complaint, appellant sought the sum of $3,995.00 from Mr. Garvin. *Id.* On April 10, 1990, a hearing was held before a District Justice which resulted in a judgment entered for Mr. Garvin. *See* Notice of Entry of Judgment, April 10, 1990.

On May 9, 1990, appellant instituted the present action in the Allegheny County Court of Common Pleas by filing a Praecipe for Writ of Summons in Civil Action. On May 14, appellee requested that appellant file a complaint. Thereafter, appellant filed a "Petition for Counsel Fees for Untrue Statements." In response to this petition, appellee

filed preliminary objections alleging that appellant had failed to state a cause of action and that the trial court was without jurisdiction to hear this case. Appellant then filed an amended complaint alleging that appellee had presented false invoices in connection with legal fees that arose during appellee's representation of Mrs. Blake in the divorce proceeding. He further alleged that this fraud was perpetrated "in collusion" with the trial judge in the divorce case.[1] On July 16, 1990, in response to appellant's amended complaint, appellee refiled his original preliminary objections. On July 30, 1990, the trial court, finding that appellant's suit was "a collateral attack on the Family Division Order," entered an order granting appellee's preliminary objections and dismissing appellant's complaint. This timely appeal followed.

Appellant contends that the trial court erred in granting appellee's preliminary objections and dismissing his complaint. This contention can be summarily dismissed.

██ It is well-settled that the doctrine of collateral estoppel prevents a question of law or an issue of fact that has been litigated and adjudicated finally in a court of competent jurisdiction from being relitigated in a subsequent suit.

---

1. Appellant's complaint alleged in pertinent part:

\* \* \* \* \* \*

3. On or about November 20, 1989, [appellant] was ordered by the Court to pay counsel fees to [appellee], who represented [appellant's] former wife in connection with a divorce.

4. [Appellee] submitted a fraudulent bill for services, i.e. the invoice was for twice the hourly rate charged by [appellee] and charged [appellant] for services [appellee] never performed.

5. The fraudulent invoice submitted by [appellee] was part of a continuing fraud upon [appellant] committed by [appellee] in collusion with the Honorable Lawrence Kaplan.

6. Fraudulent invoicing is part of a continuing unlawful and unethical practice, among divorce attorneys in Allegheny County, of submitting phony invoices in order to unlawfully take funds from divorce litigants, while acting in collusion with certain judges.

7. [Appellant] seeks to recover those funds, in the amount of $1,082.00, which were wrongfully appropriated by [appellee].

8. [Appellant] also seeks to recover compensatory and punitive damages from [appellee] for [appellee's] outrageous conduct.

See Amended Complaint–Civil Action, June 29, 1990.

*See, e.g., Mellon Bank v. Rafsky,* 369 Pa.Super. 585, 592, 535 A.2d 1090, 1093 (1987).[2]

Here, the record reveals that appellant was ordered to pay $1,082.00 in counsel fees and costs following a February 14, 1990 hearing concerning, *inter alia,* Mrs. Blake's entitlement to counsel fees and the amount thereof. *See* Order, February 15, 1990; Appellee's Supp. R.R. at 10–72. Appellant, the person against whom the doctrine is asserted, had a full and fair opportunity in the prior action to raise the identical question being raised in this appeal— i.e., whether counsel's estimate of his fees were based on fraudulent billing practices. *See* Appellee's Supp. R.R. at 10–72. Furthermore, because appellant did not appeal the February 15th order, that order is conclusive for purposes of collateral estoppel. *See, e.g., DeWald v. Pauline,* 312 Pa.Super. 391, 458 A.2d 1016 (1983) ("final order" is one which effectively ends litigation or disposes of entire case); *see also generally Restatement (Second) of Judgments* § 13 comment g (decision is final for purpose of issue preclusion where, *inter alia,* parties were fully heard, court supported its decision with reasoned opinion, and decision was subject to appeal or was reviewed on appeal). Finally, the trial court's determination that Mrs. Blake was entitled to $1,082.00 in counsel fees was essential to its order requiring appellant to pay that amount. Thus, we agree with the trial court's conclusion that appellant's action is an improper collateral attack on the final order of the Family Division. *See Mellon Bank v. Rafsky, supra;* Trial Court Opinion, September 19, 1990, at 2.

Accordingly, the trial court did not err in dismissing appellant's complaint.

Order affirmed.

**2.** It is unclear from the trial court's opinion whether it granted appellee's preliminary objections based on the doctrine of collateral estoppel. However, even if the trial court's disposition of appellant's complaint did not rest squarely on collateral estoppel grounds, we could affirm on that basis, as it is settled that an appellate court may affirm a lower court decision if the result is correct on any ground. *See Penn Piping v. Ins. Co. of N. Am.,* 382 Pa.Super. 19, 22–23, 554 A.2d 925, 927 (1989) (citation omitted).