## Failor v. Westex Inc.

*Martin K. Brigham,* for plaintiff.

*Keith E. Johnston,* for defendant Westex Inc.

*William A. Addams,* for defendant Davy McKee Corp.

*James F. Pearn Jr.,* for defendant Pendergast Safety Equipment Co.

*Dennis J. O'Leary,* for defendant Lamco.

*Pamela Parascondola,* for defendant Carey Machinery and Supply Co.

*Frank J. Lavery Jr.* for defendant Steel Grip Safety Apparel Co. Inc.

*Harry D. McMunigal,* for defendant Work Wear Corp.

*Terance P. Kennedy,* for defendant Steadman Corp.

*Laura A. Feldman,* for defendant Rubin Brothers.

*Arthur W. Hankin,* for defendant Sager Corp.

*Harriet Hults Wall,* for defendant Wagco.

*James D. Flower,* for defendant Trou Laundry.

HESS, *J.,* July 11, 1991—Plaintiffs, John and Kathy Failor, have filed the instant motion to dismiss nine of 16 defendants from their suit in strict liability, negligence and breach of warranty. That suit arises from burn injuries sustained by John Failor while wearing flame-resistant trousers provided by his employer. Plaintiffs, after some discovery, have determined that there is no basis upon which to maintain their claims against nine of the 16 named defendants. In accordance with Pennsylvania Rules of Civil Procedure, Rule 229, plaintiffs have asked leave of this court to discontinue action against Pendergast Safety Equipment Company, Husband Industries, Work Wear Corporation, Steadman Corporation, Sager Corporation, Wagco Products, Ronco Textile Products Inc., Rubin Brothers Inc. and Red Kap Industries. It is from our grant of this request for a dismissal that an appeal has been filed.

Two remaining defendants, Steel Grip Safety Apparel Co. Inc. and Carey Machinery and Supply Company, are in opposition to this motion to dismiss. They argue that it is improper for this court to dismiss certain defendants based upon their self-serving affidavits. They rely on the rule established in *Nanty-Glo v. American Surety Co.,* 309 Pa. 236, 163 A. 523 (1932). We are satisfied, however, that that rule has no application given the procedural posture of this case.

*Nancy-Glo, supra,* and the cases which have followed provide that testimonial affidavits of the moving party or his witness, not documentary in nature, even if uncontradicted, will not afford a sufficient basis for the entry of summary judgment, since the credibility of the testimony is still a matter for the jury. *Penn Center House Inc. v. Hoffman,* 520 Pa. 171, 553 A.2d 900 (1989), citing Goodrich-

Amram 2d, §1035(b):4. The objecting defendants would argue that this rule applies equally to plaintiffs' motions to discontinue. Clearly, this is not the case. At the risk of oversimplification, *Nanty-Glo* prohibits entry of judgment *favorable to the moving party* based on that party's own affidavits. Here, plaintiff proposes a resolution *favorable to its opponent*. *Nanty-Glo* recognizes the potential for duplicity where pretrial disposition of a case depends upon affidavits offered by the moving party. This request under Rule 229, on the other hand, is one in which plaintiffs have simply agreed with certain of the defendants that there is no evidence which implicates them. The dismissal of these defendants, at this stage, has everything to commend it as it will avoid substantial additional expense to parties as to whom there is no evidence of liability.

Rule 229 of the Rules of Civil Procedure, referred to above, establishes the criteria for discontinuance of an action in whole or part. It states:

"(a) A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial.

"(b) A discontinuance may not be entered as to less than all defendants without leave of court after notice to all parties.

"(c) The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice."

The rule has been interpreted to provide that a discontinuance as to less than all of the defendants may be permitted where plaintiff discovers that he has no case against them, and the other defendants can show no prejudice. Goodrich-Amram §229(b):1.

In this case, defendants who remain parties to the litigation have been unable to demonstrate any prejudice whatsoever in our discontinuance of the case against the other defendants. This is particularly so as our order is without prejudice to the parties to join those other defendants should new evidence surface at a later date. The discovery thus far conducted in this case, indicates that certain defendants were potentially involved in the manufacture of the flame-retardant clothing whereas certain other defendants were not. It strikes us as a proper exercise of our discretion to discontinue the action against the defendants as to whom there is no proof of liability. In fact, to fail to do so would be, arguably, an abuse of that discretion.

It is disconcerting to think that the apparently innocent parties to this lawsuit must now continue their involvement by briefing and arguing their position in the Superior Court. Moreover, by virtue of this appeal, plaintiffs, who have sought to avoid needless expense to other parties, are now punished by the delay of their own cause. The question is thus raised whether orders entered pursuant to Rule 229(b) are appealable. While our order, at least for the time being, terminates the case as to certain defendants, it does not make a determination, with respect to the rights of the remaining defendants, which is by any stretch of the imagination final. It is this finality, of course, which is required by Pennsylvania Rule of Appellate Procedure 341(a). Our courts have repeatedly observed that a final order is one which ends litigation or disposes of the case. *Noto v. Noto,* 293 Pa. Super. 161, 437 A.2d 1255 (1981); *Bracken v. Bracken,* 294 Pa. Super. 371, 439 A.2d 1247 (1982). Said another way, it is an order which puts the defendant out of court or otherwise terminates the litigation. *Urbano v. Meneses,* 288

Pa. Super. 103, 431 A.2d 308 (1981). Here, the appealing defendants have not been put out of court nor does our order prevent them from joining anyone who they contend is liable or liable over. While we can find no appellate authority for the proposition that orders pursuant to our Rule of Civil Procedure 229 (b) are interlocutory, we are satisfied that they should be.