Vanderveen *v.* Erie Indemnity Company,
Appellant.

Argued March 17, 1965. Before Bell, C. J., Mus-
manno, Jones, Cohen, Eagen, O'Brien and Roberts,
JJ.

*Lisle A. Zehner,* for appellant.

*Richard C. McHugh,* for appellee.

Opinion by Mr. Justice Eagen, April 20, 1965:
Plaintiff was involved in an automobile accident,
and, as a result, was subject to a claim for damages.

Alleging that he was protected under a casualty insurance policy issued by the defendant company, this action in equity was instituted seeking specific performance of the contract of insurance.

Preliminary objections to the complaint challenging the jurisdiction of equity were overruled, and, after answer filed alleging prior cancellation of the policy, the issue came on for hearing. The chancellor, concluding that the contract was in force at the pertinent time, entered a decree directing the defendant to defend the accident claim and to pay counsel fees incident to the present action. Exceptions to the decree were dismissed, and the defendant appealed.

The lower court erred in entertaining the action. It is fundamental that equity lacks jurisdiction if an adequate and complete remedy at law exists. This clearly is such a case.

An insurer's failure or refusal to defend a claim within the scope of an insurance policy constitutes a breach of contract for which it is subject to damages recoverable in an action of assumpsit: *King v. Automobile Underwriters, Inc.*, 409 Pa. 608, 187 A. 2d 584 (1963), and *Cadwallader v. New Amsterdam Casualty Co.*, 396 Pa. 582, 152 A. 2d 484 (1959). This includes the costs required to defend the claim: *Cadwallader v. New Amsterdam Casualty Co.*, supra.

The lower court in sustaining equity's jurisdiction concluded that existing legal remedies were inadequate to protect plaintiff from imminent, irreparable harm. It reasoned that, since the insurance coverage was questioned, plaintiff's ability to establish financial responsibility, as required by the Pennsylvania Motor Vehicle Responsibility Act,[1] was seriously affected, which could result in suspension of his automobile operating

---

[1] Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1401 et seq.

privileges, and that, therefore, plaintiff was entitled to equitable relief.

We cannot agree that the plaintiff was faced with irreparable harm or that the legal remedies available were inadequate. The question of insurance coverage could be determined in the action of assumpsit. Moreover, while under the Act of 1959, supra note 1, a licensee involved in an accident can prove financial responsibility and avoid suspension of operating privileges by filing with the Secretary of Revenue a certificate of insurance coverage, this is only one of three alternate methods available to meet the requirements of the act. (See §1418, 75 P.S. §1418). Also, if a suspension is ordered, an appeal is provided for to the court of common pleas[2] of the county in which the licensee resides, and the filing of the appeal acts as a supersedeas. Any and all losses incurred in resisting the suspension are recoverable from the defaulting insurer in a proper legal action. While resisting the suspension would undoubtedly entail inconvenience and some hardship, it certainly cannot be classified as "irreparable harm". Finally, in the instant action, it was admitted of record that the Secretary of Revenue had agreed to withhold any action concerning plaintiff's operating privileges until the question of insurance coverage had been legally determined. Hence, any possible hardship in this regard was obviated.

Decree vacated and complaint dismissed. Each side to pay own costs.

Mr. Justice MUSMANNO dissents.

---

[2] In Philadelphia and Allegheny Counties, jurisdiction is in the county court.