432 A.2d 1089

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.

v.

William C. MORRIS, Jr., Appellant.

Superior Court of Pennsylvania.

Argued Feb. 23, 1981.

Filed July 24, 1981.

Joseph Mellace, Philadelphia, for appellant.

Hugh M. Emory, Paoli, for appellee.

Before SPAETH, JOHNSON and WIEAND, JJ.

WIEAND, Judge:

When a court orders a person to submit to a physical examination under Section 401 of the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. § 1009.401, is the person to be examined entitled to be compensated for costs of transportation and the fees of an attorney who accompanies him to the examination? This is the issue raised in the instant appeal. Before we can meet that issue, however, we must first determine whether an order directing a person to submit to a physical examination under this section of the No-fault Insurance Act is a final, appealable order.

State Farm Mutual Automobile Insurance Co. had issued a policy of motor vehicle insurance to William C. Morris, Jr., who sustained an injury to his left knee as a result of an automobile accident on April 27, 1979. Morris applied for and received medical and wage loss benefits from the insurance company. A dispute subsequently arose concerning his recovery and ability to return to work, and the insurer petitioned the Court of Common Pleas of Chester County for

an order directing him to submit to a physical examination. After Morris had filed an answer to the petition, the insurance company moved for judgment on the pleadings. The motion was briefed and submitted to the trial court which, on September 4, 1980, entered an order directing the insured to appear for examination in the offices of a named physician at the Franklin Medical Building, 829 Spruce Street, Philadelphia. The order also contained the following provision: "The Respondent's request for transportation expenses, wage loss resulting from his attending the examination, and reasonable attorney's fees is denied." It is this provision which has been placed in issue by the instant appeal to this Court.

This Court has jurisdiction only to hear appeals from final orders of the courts of common pleas unless otherwise permitted by statute. 42 Pa.C.S.A. §§ 742, 5105. An order is considered final if it terminates litigation or disposes of the entire case. *Adoption of G. M.*, 484 Pa. 24, 27, 398 A.2d 642, 644 (1979); *T.C.R. Realty, Inc. v. Cox*, 472 Pa. 331, 337, 372 A.2d 721, 724 (1977).

As a general rule, orders requiring a party to submit to mental or physical examinations under Pa.R.C.P. No. 4010 are interlocutory and not appealable, because they do not preclude the party from further action. Cf. *Myers v. Travelers Insurance Co.*, 353 Pa. 523, 46 A.2d 224 (1946) (order making absolute a rule upon plaintiff to show cause why proceedings should not be stayed until he submits to a physical examination is a final order). Such orders, however, are ancillary to pending actions. Rule 4010, by its terms, is applicable only when the mental or physical condition of *a party* or a *person in the custody or under the legal control of a party* is in controversy.

A petition for a physical examination under Section 401 of the No-fault Motor Vehicle Insurance Act may be filed even though no legal proceedings have been instituted.[1]

1. The provisions of 40 P.S. § 1009.401 are as follows:

It is the submission of a claim and not the institution of legal proceedings which triggers the insurer's right to petition the court for an order requiring the insured to submit to a physical examination. See: *Nationwide Mutual Insurance Co. v. Fandray*, 12 Pa.D.&C.3d 65 (1979).

■ In the instant case, the insurer's petition for examination of its insured was not ancillary to any pending legal or equitable action. It was a separate petition which invoked the jurisdiction of the court under Section 401 of the No-fault Insurance Act for no other reason than to consider and decide if the insured should be required to submit to a physical examination. After the court rendered its decision, the court action came to an end. Whether there will be litigation between the parties in the future is purely speculative. If there should be further litigation, however, it would be in the form of a separate action. Viewed in this manner it becomes apparent that when the order was entered in response to the separate, non-ancillary petition under Section 401, that order was a final determination of the statutorily authorized legal proceeding then before the court. The present appeal, therefore, was proper.

■ The language of Section 401 vests discretion in the lower court to control the examination procedure. The "time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made" are all to be determined by the court after notice to the parties. Appellant in this case is a resident of Delaware County who was ordered to appear for a physical examination in Philadelphia.[2] He contends that the trial court abused its discre-

"Whenever the mental or physical condition of a person is material to any claim that has been or may be made for past or future basic loss benefits, a court of competent jurisdiction may order the person to submit to mental or physical examination by a physician or physicians. The order may be made only on the motion for good cause shown and upon notice to the person to be examined and to all other persons having an interest and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."

2. The accident occurred in Chester County.

tion by directing him to appear for examination without requiring the insurer to reimburse him for costs of travelling to Philadelphia for such an examination. We disagree. It was not unreasonable for the court to require appellant to cross from Delaware County into Philadelphia. The expense involved was slight and certainly not so unreasonable as to compel the court, as a condition of its order, to require reimbursement thereof by the insurer. Cf. *Meeker v. Sarris*, 40 Pa.D.&C.2d 643 (1966).

■ For similar reasons, the court did not abuse its discretion by refusing to require the insurer to reimburse appellant for anticipated lost wages as a result of his appearance for a physical examination. This is peculiarly so where, as here, the examination was requested because appellant, contrary to the report of his own physician, represented that he was unable to return to work because of the injury received in the accident.

■ Whether a person who is to be examined may be accompanied by his or her attorney is also discretionary with the court. In many cases, counsel will not be needed to protect the legal rights of the insured. The examination will be objective and the nature of the injuries readily diagnosed. Section 402[3] of the Act, moreover, contains provision by which the person being examined can obtain a copy of the examiner's report. Other examinations, of course, may involve psychiatric ailments, or physical injuries not readily demonstrated by X-rays or other objective means. In such cases the attendance of counsel may be desired. Therefore, the court may, in its discretion, allow the insured's attorney to be present during examination. See and compare: 10 Goodrich-Amram Procedural Rules Service p. 273, § 4010(a):9.

However, the No-fault Motor Vehicle Insurance Act contains no requirement that the insurer pay the fees of an attorney who accompanies his or her client to the examination. Indeed, despite the broad discretion vested by statute

3. 40 P.S. § 1009.402.

in a court of common pleas, it is difficult to conceive of circumstances which would warrant a court in requiring an insurer to pay counsel fees as a condition precedent to a physical examination of an insured. Upon good cause shown, an insurer is entitled to an order directing a claimant to appear for a physical examination. That right should not be impaired by the imposition of unnecessary and unreasonable conditions calculated to discourage insurers from using a procedure intended to aid in the prompt and fair compensation of accident victims in Pennsylvania.

The order is affirmed.