## Erie Insurance Exchange v. Dzadony

*David J. Rosenberg*, for petitioner.
*James D. Belliveau*, for respondents.

WETTICK, *A.J.*, March 21, 1986—Joseph S. Dzadony and Iris Dzadony have filed claims with their insurance carrier for payment of medical bills covering treatment for injuries allegedly sustained in an automobile accident. Erie Insurance Exchange (which insured Mr. and Mrs. Dzadony) filed a petition to compel a physical examination by a physician selected by Erie.

Section 1796(a) of the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1796(a), permits a court to order a person to submit to a physical examination by a physician for good cause shown. A petition for a physical examination may be filed pursuant to section 1796(a) even though no legal proceedings have been instituted. It is the submission of a claim to the insurance carrier and not the institution of legal proceedings which triggers the insurance company's right to petition the court for an order requiring the insured to submit to a physical examination. State Farm Mutual Automobile Insurance Company v. Morris, 289 Pa. Super. 137, 432 A.2d 1089 (1981).

In the case of Nationwide Mutual Insurance Company v. Fandry, 12 D.&C. 3d 65 (1979), this court concluded that the purpose of the "good cause shown" requirement (which was also contained in the Pennsylvania No-fault Motor Vehicle Act, 40 P.S. §1009.401) was to protect persons against unreasonable invasion of privacy, unnecessary inconvenience and examinations sought in bad faith. Thus, this court held that the "good cause shown"

requirement requires the insurance company to show that the information supplied by the insured in support of his or her claim does not eliminate reasonable doubt as to the validity of the claim, that the proposed medical examination may assist the insurance company in evaluating the claim, and the amount of the claim justifies a court order compelling claimant to submit to a physical examination. To satisfy this "good cause shown" requirement, this court generally requires the insurance company to show that it has given the insured the opportunity to provide more complete and updated information from the insured's treating physician and that either additional information was not provided or that the additional information which was provided did not eliminate reasonable doubt as to the validity of the claim. Also, unless it is clear that the information of the treating physician is insufficient to support the claim for payment of medical and other rehabilitative treatment which the insured received, the insurance company shall submit an affidavit from the physician whom the insurance company wishes to perform the examination stating that he or she has reviewed the information submitted in support of the claim and explaining why this information is insufficient and why the examination is necessary.

In the present case, Erie's petition contains no allegations that the information supplied by the insureds in support of their claims is inadequate. Consequently, this court will not compel the insureds to submit to a medical examination pursuant to section 1796(a) of the Motor Vehicle Financial Responsibility Law.

Erie contends that this court should grant its petition because the Dzadonys agreed to submit to examinations under their insurance policy with Erie.

In support thereof, Erie cites condition C on page four of its insurance policy with the Dzadony's which reads as follows:

"C. Medical Reports; Proof of Claim  • • •

"The person we protect shall submit to mental and physical examinations by physicians selected by us when and as often as we may reasonably require. We will pay the cost of such examinations."

For several reasons, we reject Erie's contention. First, the policy provision upon which Erie relies should not be enforced because it is inconsistent with the obligations imposed upon an insurance company to pay benefits under the Motor Vehicle Financial Responsibility Law. The Motor Vehicle Financial Responsibility Law is comprehensive legislation governing the rights and obligations of the insurance company and the insured under liability insurance policies covering motor vehicles. This legislation specifies the benefits that must be provided and the benefits that must be made available (75 Pa.C.S. §§1711, 1712, 1715, 1731); it requires various exclusions (§1718); and it provides for payment of benefits within 30 days after the insurance company receives reasonable proof of the amount of the benefits (§1716). Provisions within an insurance contract which impose additional burdens on an insured before the insured may recover these benefits to which the insured is statutorily entitled, are inconsistent with this legislative scheme. Thus, we will not enforce a provision within an insurance policy that would make payment of benefits dependent upon the insured appearing for a physical examination that the law does not require.

If the Motor Vehicle Financial Responsibility Law had not dealt with the issue of when an insured may

be compelled to submit to a physical examination, this matter could perhaps be governed by the insurance contract. But through section 1796(a), the Legislature has balanced the interests of the insurance company in obtaining more complete information in support of a claim through a physical examination by a physician selected by the insurance company and the interests of the insured in having claims paid without being subjected to the inconvenience and invasion of privacy that such an examination imposes, by providing for an examination pursuant to a court order obtained by the insurance company based upon good cause shown. The necessity for protecting this legislative balance was recognized in State Farm Mutual Insurance Company v. Morris, supra:

"However, the No-fault Motor Vehicle Insurance Act contains no requirement that the insurer pay the fees of an attorney who accompanies his or her client to the examination. Indeed, despite the broad discretion vested by statute in a court of common pleas, it is difficult to conceive of circumstances which would warrant a court in requiring an insurer to pay counsel fees as a condition precedent to a physical examination of an insured. Upon good cause shown, an insurer is entitled to an order directing a claimant to appear for a physical examination. That right should not be impaired by the imposition of unnecessary and unreasonable conditions calculated to discourage insurers from using a procedure intended to aid in the prompt and fair compensation of accident victims in Pennsylvania." 432 A.2d at 1092.

Thus, we conclude the clause which Erie seeks to enforce is inconsistent with Erie's obligation to pay

benefits whenever the insured submits reasonable proof supporting his or her claim.

Also, section 1796(b) of the Motor Vehicle Financial Responsibility Law requires the insurance company causing the examination to be made pursuant to section 1796(a), to deliver promptly (upon request) to the person examined every written report concerning the examination. The provision of the insurance agreement governing physical examinations does not make written reports of the examination conducted pursuant to the agreement available to the insured. This provision was not bargained for; it is included in Erie's standard policy that the insured must accept. Thus, if a court were to permit the insured's duty to submit to a physical examination to be governed also by the insurance agreement prepared by the insurance company, we would be destroying the policy of the legislature of making written reports of the examination available to the insured. Since the legislature would not be assumed to have intended a result that is unreasonable or absurd (1 Pa.C.S. 1922), it did not intend to permit these protections afforded the insured to be denied by an insurance policy prepared by the party which the legislation was designed to regulate. Mayburgh v. Coon, 460 Pa. 128, 331 A.2d 452, 455-6 (1975).

Second, even if the clause upon which Erie relies could be included in an insurance policy subject to the provisions of the Motor Vehicle Financial Responsibility Law, the clause cannot be enforced through a petition. In the absence of legislation or rule of court providing for proceedings to be instituted by a petition, a lawsuit must be commenced by writ or complaint, Cohen v. Government Employees Insurance Company, 289 Pa. Super. 319, 433 A.2d 86 (1981). While section 1796 of the Motor Vehicle Financial Responsibility Law permits a court to act

upon a petition where a physical examination is sought for good cause shown, this law does not authorize proceedings to be instituted by a petition if the relief requested is based upon an insurance company's alleged rights under an insurance policy.

Finally, the relief which Erie seeks in this action is a court order compelling specific performance of the contractual provision requiring the insureds to submit to a physical examination at Erie's request. But an action for specific performance is available only if there is no adequate remedy at law. Cimina v. Bronich, 349 Pa. Super. 399, 503 A.2d 427, 430 (1985). Erie has an adequate remedy at law. If the insureds have materially breached their duties under the insurance agreement, thereby harming Erie, Erie may refuse to honor their claims. We recognize that it is questionable whether Erie would be entitled to this relief. Because section 1796 of the Motor Vehicle Financial Responsibility Law permits Erie to obtain a physical examination for good cause shown and further provides that a court may order that the insured be denied benefits until compliance with its order, as a matter of law Erie appears to have suffered no harm from the alleged breach of their insurance agreement. Paxton National Insurance Company v. Brickajlik, 342 Pa. Super. 621, 493 A.2d 764 (1985). But a showing of harm is also a prerequisite for a court order compelling specific performance.

For these reasons, we enter the following

## ORDER OF COURT

On this March 21, 1986, it is hereby ordered that the petition of Erie Insurance Exchange for a court ordered medical examination is denied.