## Bewley v. Crouse

*Wayne C. Parsil,* for plaintiff.

*Mark E. Lovett,* for defendant.

FARINA, *J.,* September 13, 1989 — Before the court are defendant William Crouse's motion to compel plaintiff, Sharon Bewley, to undergo a physical examination pursuant to Pa.R.C.P. 4010 (42 Pa.C.S.) and plaintiff's response to defendant's motion, requesting that the court's order permit plaintiff's counsel to attend the examination. The relevant facts of the case can be summarized as follows.

This is a personal-injury action arising out of an automobile accident in which plaintiff was severely injured. The accident occurred on May 30, 1986 and suit was filed on May 27, 1988. As part of his discovery activity, defendant scheduled an independent medical examination for plaintiff with Dr. Daniel Good, a neurosurgeon, on August 9, 1989. Dr. Good does not allow counsel to be present during his examinations and plaintiff's counsel, pursuant to his firm's office policy, insisted on being present during the examination. The August 9 appointment with Dr. Good was canceled and not rescheduled.

It is undisputed by the parties that Pa.R.C.P. 4010 clearly gives defendant the right to have plaintiff undergo this examination by the physician of defendant's choice. The issue of counsel's presence during this examination, however, like other issues involving the manner and condition of a rule 4010 examination, is a matter squarely within this court's discretion. See, e.g., *State Farm Mutual Automobile Insurance Co. v. Morris,* 289 Pa. Super. 137, 432 A.2d 1089 (1981); 10 Goodrich-Amram Procedural Rules Service at 273, §4010(a):9. As other courts have pointed out, it may be necessary for counsel to attend the

examination in cases where the examinee will be questioned at length regarding impressions and memories. See *State Farm, supra; Koch v. Galardi,* 11 D.&C. 3d 750 (1979); *Machinski v. Schaaf,* 35 D.&C. 3d 572 (1984). Counsel's presence is not a matter of right, however, and whether counsel will be permitted to attend will depend on the facts of each case.

A plaintiff's counsel is not routinely included or excluded from a rule 4010 examination. If a plaintiff wishes counsel to be present, a request should be made and some legitimate reason (i.e., one related to the examination) offered therefor. By the same token, objections and claims of interference by the examining physician also must be related to the examination and not based on generalities. It is ironic, then, that the two factors which seem largely responsible for the instant dispute — namely Dr. Good's generic policy against counsel and plaintiff's counsel's generic office policy of attendance — are irrelevant to the court's exercise of discretion on this issue.

*Machinski, supra,* and *Koch, supra,* place on the defendant the burden of showing that plaintiff's counsel's presence is likely to interfere with the rule 4010 examination. It goes without saying, however, that defendant will bear no burden if plaintiff has not first demonstrated that counsel's presence is warranted. In both of the cases cited, the court was satisfied that plaintiff would benefit from counsel's presence: *Koch* involved a psychiatric examination and *Machinski's* plaintiff suffered injuries "not readily demonstrated by X-rays or other objective means." *Machinski* at 574. No similar showing has been made in this case.

Because plaintiff has not shown that the proposed physical examination will be other than "objective,"

*State Farm* at 142, 432 A.2d at 1092, there is no reason for counsel to attend the examination and no burden on defendant to show that counsel's presence will interfere. Therefore, it is not necessary for the court to judge the sufficiency of Dr. Good's affidavit. In his brief, defendant concedes that plaintiff may appreciate counsel's presence during the history-taking portion of the examination (if, in fact, there is one). For that reason there should be no objection if plaintiff is accompanied by counsel for that segment of the examination.

Accordingly, we enter the following

## ORDER

And now, September 13, 1989, upon consideration of defendant's motion to compel plaintiff to undergo a physical examination pursuant to Pa.R.C.P. 4010 (42 Pa.C.S.), plaintiff's request that this court's order permit her counsel to attend the examination and the briefs of the parties with regard thereto, the court orders and directs as follows:

(1) Defendant's motion to compel plaintiff to undergo a physical examination pursuant to Pa.R.C.P. 4010 is granted.

(2) Plaintiff's request that this court's order permit her counsel to attend the rule 4010 examination is granted in part and denied in part. If the examination is to involve a *history-taking component,* then plaintiff is permitted to bring her counsel to *that portion* of the examination. Counsel shall not attend the physical examination portion of the rule 4010 examination.