588 A.2d 546

**Faith HORNE, Appellant,**

v.

**SENTRY INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Dec. 11, 1990.

Filed March 25, 1991.

Barry M. Rothman, Philadelphia, for appellant.

James B. Corrigan, Philadelphia, for appellee.

Before MONTEMURO, TAMILIA and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from an order below granting appellee Sentry Insurance Company's petition to compel a medical examination. Appellant, Faith Horne, contends that the trial court erred in granting appellee's motion to compel a medical examination of her because appellee failed to show good cause as required by § 1796 of the Motor Vehicle Financial Responsibility Law.[1] *See* 75 Pa.C.S.A. § 1796. For the following reasons, we agree and, accordingly, we vacate the trial court's order.[2]

The facts underlying this appeal are as follows. On May 24, 1989, Ms. Horne was involved in an automobile accident in which she allegedly was injured. At that time, she was insured by appellee. In January, 1990, Ms. Horne instituted an action against her insurance company for payment of her medical bills, interest, and attorneys' fees under the Pennsylvania Motor Vehicle Financial Responsibility Law. *See* 75 Pa.C.S.A. § 1701, *et seq.* Appellee filed a motion to compel appellant to submit to medical and dental examinations by appellee's doctors. On April 20, 1990, the court granted appellee's motion in part and ordered appellant to

1. Appellant also claims that (1) the trial court lacked jurisdiction to compel her to submit to a medical examination; and (2) the court acted prematurely in ordering the examination. Appellant's "jurisdictional" argument is based on the fact that her insurance policy calls for arbitration of an uninsured motorist claim. However, the record reveals that appellant has not yet filed an uninsured motorist claim against her insurance company. Furthermore, the record does not contain a copy of appellant's coverage policy for our review. Thus, there is no record basis to review appellant's "jurisdictional" argument. In addition, appellant's argument regarding the court's premature action in ordering a medical examination is meritless in light of our disposition of appellant's primary claim.

2. We note that an order granting or denying a petition to compel a medical examination under 75 Pa.C.S.A. § 1796 is a final appealable order. *State Farm Mut. Auto. Ins. Co. v. Zachary*, 370 Pa.Super. 386, 389, 536 A.2d 800, 801 (1987), *alloc. denied*, 520 Pa. 607, 553 A.2d 969 (1988); *State Farm Ins. Cos. v. Hunt*, 390 Pa.Super. 620, 622 n. 1, 569 A.2d 365, 366 n. 1 (1990). Therefore, this appeal is properly before us.

submit to a medical examination within thirty days.[3] This timely appeal followed.

Appellant contends that the trial court abused its discretion in granting appellee's motion to compel her to submit to a medical examination because appellee failed to show sufficiently "good cause" for such a medical examination under § 1796 of the Pennsylvania Motor Vehicle Financial Responsibility Law.[4] We agree.

Section 1796 authorizes the court to order a claimant to submit to a mental or physical examination by a physician under the following circumstances:

(a) General rule.—Whenever the mental or physical condition of a person is material to any claim for medical, income loss or catastrophic loss benefits, a court of competent jurisdiction or the administrator of the Catastrophic Loss Trust Fund ... may order the person to submit to a mental or physical examination by a physician. *The order may only be made upon motion for good cause shown.*

75 Pa.C.S.A. § 1796(a) (emphasis added).[5] Because the trial court has discretion to determine whether good cause has been shown, we will not reverse that determination absent a palpable abuse of discretion. *See State Farm Ins. Cos. v. Hunt,* 390 Pa.Super. 620, 623, 569 A.2d 365, 366 (1990).

3. The court denied appellee's motion to compel appellant to submit to a dental examination. The propriety of this decision is not before us.

4. We note that the record contains no copy of the parties' insurance policy. Thus, we do not address the possibility of appellee's entitlement, under the policy, to conduct an independent medical examination of its insured.

5. We note that appellee moved to compel a medical examination pursuant to Pennsylvania Rule of Civil Procedure 4010 which provides for a compelled physical or mental examination under certain circumstances for discovery purposes. *See* P.R.Civ.P. 4010(a). The trial court relied on Pa.R.Civ.P. 4010(a) in reaching its decision. *See* Trial Court Opinion at 2. Appellant, however, initially brought her claim under the Pennsylvania Motor Vehicle Financial Responsibility Law. We cannot allow appellee to circumvent the requirements of that legislation by characterizing its motion for a court order for a medical examination as discovery. Therefore, we must address appellant's claims according to the Pennsylvania Motor Vehicle Financial Responsibility Law.

■ We have set forth the standard for determining "good cause" as follows:

[t]o establish 'good cause shown', an insurer's petition, at the minimum, must contain facts showing that the proofs supplied in support of the claim are inadequate, that the proposed physical examination will substantially assist the insurer in evaluating the claim and that the amount of the claim justifies a court order compelling the claimant to submit to a physical examination.

*State Farm Mut. Auto. Ins. Co. v. Zachary,* 370 Pa.Super. 386, 390, 536 A.2d 800, 801 (1987), *alloc. denied,* 520 Pa. 607, 553 A.2d 969 (1988). *See also State Farm Mut. Auto. Ins. Co. v. Allen,* 375 Pa.Super. 319, 323, 544 A.2d 491, 492–93 (1988) (citation omitted). Thus, the existence of good cause must be determined on a case by case basis depending on the nature of the alleged injury and the type of examination(s) requested. *See State Farm Ins. Cos. v. Hunt, supra.* Furthermore, a good cause showing under § 1796(a) requires a certain "level of specificity so as [to] ensure that a claimant will not be forced to submit to unnecessary examinations sought in bad faith." *State Farm Mut. Auto. Ins. Co. v. Zachary, supra. See also State Farm Ins. Cos. v. Hunt, supra.*

■ Here, the allegations in appellee's petition regarding appellant's claims and medical treatment were so vague as to verge on boilerplate. For example, appellee stated that appellant's "[m]edical bills and related items may or may not be accumulating at a rapid rate." *See* R.R. at 31a. The doctor's letter attached to the petition was similarly vague. The letter merely stated in a conclusory fashion that a medical examination would be "necessary" to substantiate appellant's claims and to justify continuing treatment. *See id.* at 33a. The letter provided no factual basis to raise any questions concerning the adequacy of appellant's present treatment, or the adequacy of her proof of her injuries.[6]

---

**6.** There was also a dentist's letter attached to appellee's petition. The weakness of appellee's proof regarding the medical examination is further demonstrated by a comparison to the detail contained in the

Indeed a close review of the record shows that appellee never cited to specific facts to demonstrate in what respect appellant's proof of her claims was inadequate, nor indicated which medical treatment it had reason to question. *See id.* at 31a. Thus, in summary, appellee has not shown that specific disputed facts exist between the parties that make a medical examination *necessary*. *See State Farm Mut. Auto. Ins. Co. v. Zachary, supra.* We have no doubt that the insurer here, as in any case, would prefer an independent medical examination in order to evaluate the claim. The statute, however, does not allow for such examinations on demand. Accordingly, we hold that appellee's mere allegations in its petition, unsupported by a developed record, were insufficient to order a medical examination pursuant to § 1796. *See id.; Keystone Ins. Co. v. Caputo,* 365 Pa.Super. 431, 436, 529 A.2d 1134, 1136 (1987). Because appellee produced no evidence to call into question the legitimacy of appellant's claims, the court's order compelling an independent medical examination was an abuse of discretion. Thus, we must vacate the trial court's order.

Order vacated. Jurisdiction relinquished.

dentist's letter. Appellee's dentist cited reasons why appellee needed to conduct a dental examination of appellant and the particular dental diagnosis it questioned. *See* R.R. at 34a–35a. As we have already noted, the question of the propriety of the court's refusal to order the dental examination is not before us.