597 A.2d 1206

**Richard S. FLEMING and Rita Fleming, Appellants,**

**v.**

**CNA INSURANCE COMPANIES, Appellee.**

Superior Court of Pennsylvania.

Argued Aug. 29, 1991.

Filed Oct. 9, 1991.

Bernard V. Digiacomo, Conshohocken, for appellants.

John J. Donnelly, Law Offices of Paul R. Scholl, Philadelphia, for appellee.

Before DEL SOLE, TAMILIA and HOFFMAN, JJ.

DEL SOLE, Judge:

This is an appeal from a trial court order granting Appellee, CNA Insurance Company's, Motion to Compel a Medical Examination and directing Appellants, Richard and Rita Fleming, to submit to independent medical examinations by a physician of CNA's choosing.  Appellants challenge this appealable order, *State Farm Ins. Cos. v. Hunt*, 390 Pa.Super. 620, 569 A.2d 365 (1990), by asserting that the court wrongly compelled a medical exam although CNA failed to show good cause as specified under Section 1796 of the

Motor Vehicle Financial Responsibility Law (MVFRL). 75 Pa.C.S.A. § 1796.

Appellant's were insured under a policy of insurance issued to them by CNA at a time when they were involved in a motor vehicle accident. Following the accident Appellants sought treatment for their injuries and submitted to CNA claims for medical bills and lost wages. Approximately a year later, when Appellants were informed that no further benefits would be paid, they instituted an action to recover basic medical and income loss benefits from CNA. An initial motion to Compel Medical Examination filed by CNA was denied without prejudice. A second motion was later filed which alleged that pursuant to Pennsylvania Rule of Civil Procedure 4010, Section 1796 of the MVFRL and the policy of insurance issued to Appellants, they were each obliged to submit to a medical exam. A timely response was filed and following oral argument the court granted CNA's motion. This appeal followed.

Appellants make three arguments in support of their position that the court acted either wrongly or prematurely in requiring them to undergo an independent medical exam. They assert that CNA failed to show good cause, that the record before the court was insufficiently developed to justify the order and that the reports of a medical doctor should not have been considered to the extent that they critique the treatment rendered by a chiropractor.

We initially note that this court, en banc, most recently in *State Farm Insurance Companies v. Swanter*, (No. 01773 Pgh 1989, filed July 3, 1991) considered the standards to be applied by a trial court in determining whether "good cause" has been shown for a court to order an independent medical exam under 75 Pa.C.S.A. § 1796. It is the "good cause" requirement of § 1796 which the trial court found that CNA met and which Appellants dispute. Although the trial court issued its order on the basis that CNA met the "good cause" requirement of § 1796, and directed Appellants to submit to a medical exam accordingly, we affirm the court's decision on another basis.

In its Motion to Compel, CNA sought the independent medical exams not only based upon the provisions of section 1796 of the MVFRL and section 4010 of the Rules of Civil procedure, which each require a showing of "good cause," but also based upon the provisions of policy number US105887050 which it issued to Appellants through Continental Casualty. Attached to CNA's motion as Exhibit A is a copy of the policy provision which requires the insured to submit to a physical exam without making any mention of a "good faith" requirement. The policy language list various duties of an injured person. It states in relevant part:

Duties of an Injured Person. The injured person shall:
a. Give us written proof of claim, under oath if we request;
b. Authorize us to obtain medical information;
c. *Submit to physical examination by a physician of our choice;*
d. Not construe payment of medical claims as an admission of liability.

(Emphasis added.)

This contract provision entered into between the parties clearly requires Appellants' submission to a medical exam to be performed by a doctor chosen by CNA. There is no prerequisite showing of "good cause" necessary.

In *Horne v. Sentry Ins. Co.,* 403 Pa.Super. 194, 588 A.2d 546 (1991) this court was again called upon to consider whether an insurance company had shown sufficient "good cause" for a medical examination under §. 1796. In footnote 4 the court stated:

We note that the record contains no copy of the parties' insurance policy. Thus, we do not address the possibility of appellee's entitlement, under the policy, to conduct an independent medical examination of its insured.

403 Pa.Super. at 196 ftn. 4, 588 A.2d at 548 ftn. 4.

Unlike, *Horne,* the record here does contain a copy of the insurance policy. This policy, which contains specific provisions for the submission to an independent medical exam,

was relied upon by CNA in its motion as a basis for the relief it requested and was attached as an exhibit to the motion. Appellants did not challenge this policy provision as being void as against public policy or void as unconscionable in their Answer in the lower court or on appeal. Although the trial court did not grant CNA's motion and direct Appellants to submit to the exams based upon these policy provisions, an appellate court may affirm the decision of a trial court if the result is correct on any ground without regard to the grounds relied on by the trial court. *See Mazer v. Williams Bros. Co.*, 461 Pa. 587, 337 A.2d 559 (1975).

Because the policy provisions require Appellants to submit to a medical exam, we affirm the trial court's order without discussion of whether CNA has met the "good cause" requirements of § 1796.

Order affirmed.