## Nationwide Insurance Co. v. Hoch

C.P. of Allegheny County, no. GD96-18851.

*Rebecca N. Mann,* for petitioner.
*Richard J. Schubert,* for respondent.

WETTICK, *J.,* January 28, 1997—Respondent was involved in an automobile accident in November 1995. At the time of the accident, respondent was insured under a policy of motor vehicle liability insurance issued by Nationwide Insurance Company. Respondent contends that she continues to be disabled as a result of

injuries sustained in the accident. Nationwide continues to make payments for her wage losses.

The subject of this opinion and order of court is Nationwide's petition to compel an independent medical examination. Under section 1796(a) of the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1796, insurance companies may file a petition to compel an insured to submit to a physical examination by a physician selected by the insurance company whenever the physical condition of a person is material to any claim for income loss benefits. This legislation provides that a court may order such an examination only "for good cause shown."

Under the good cause standard, an insurance company's petition must contain factual allegations showing that a medical examination is warranted. Allegations showing only a desire of the insurance company for a physical examination are insufficient. The insurance company is not entitled to a medical examination until it has pursued non-intrusive means to obtain reliable information concerning the insured's physical condition such as providing the insured with the opportunity to submit medical records from her treating physician addressing any questions of the insurance company. At the minimum, the petition should explain why the medical records which the treating physicians have supplied have not eliminated reasonable doubt as to the validity of the claim and why the proposed physical examination will substantially assist the insurance company in evaluating the claim. *State Farm Insurance Companies v. Swantner,* 406 Pa. Super. 235, 594 A.2d 316 (1991), *alloc. denied,* 530 Pa. 633, 606 A.2d 903 (1992).

In the present case, the petition on its face fails to set forth good cause for the examination. The petition contains only conclusory allegations that the insured's

physical condition is in controversy and that without the physical examination which the insurance company seeks, the insurance company will be without sufficient information to properly evaluate the insured's continuing claims.

Nationwide contends that I should issue a court order compelling the physical examination pursuant to a provision within the insurance agreement which provides for the insured, if injured, to "submit to examinations by company-selected physicians as often as *the company* reasonably requires."

In *Erie Insurance Exchange v. Dzandony,* 39 D.&C.3rd 33 (1986), I rejected Erie Insurance's request for an examination based on a similar policy provision. I concluded that the policy provision upon which Erie relied could not be enforced through the filing of a petition to compel a medical examination: "even if the clause upon which Erie relies could be included in an insurance policy subject to the provisions of the Motor Vehicle Financial Responsibility Law, the clause cannot be enforced through a petition. In the absence of legislation or rule of court providing for proceedings to be instituted by a petition, a lawsuit must be commenced by writ or complaint. *Cohen v. Government Employees Insurance Company,* 289 Pa. Super. 319, 433 A.2d 86 (1981). While section 1796 of the Motor Vehicle Financial Responsibility Law permits a court to act upon a petition where a physical examination is sought for good cause shown, this law does not authorize proceedings to be instituted by a petition if the relief requested is based upon an insurance company's alleged rights under an insurance policy." *Erie Insurance Exchange v. Dzandony, supra.*

I also concluded that under principles of contract law, Erie would not be entitled to specific performance of this contractual provision in its insurance policy.

"Finally, the relief which Erie seeks in this action is a court order compelling specific performance of the contractual provision requiring the insureds to submit to a physical examination at Erie's request. But an action for specific performance is available only if there is no adequate remedy at law. *Cimina v. Bronich,* [349] Pa. Super. [399, 405], 503 A.2d 427, 430 (1985) [*rev'd,* 517 Pa. 378, 537 A.2d 1355 (1988)]. Erie has an adequate remedy at law. If the insureds have materially breached their duties under the insurance agreement, thereby harming Erie, Erie may refuse to honor their claims. We recognize that it is questionable whether Erie would be entitled to this relief. Because section 1796 of the Motor Vehicle Financial Responsibility Law permits Erie to obtain a physical examination for good cause shown and further provides that a court may order that the insured be denied benefits until compliance with its order, as a matter of law Erie appears to have suffered no harm from the alleged breach of their insurance agreement. *Paxton National Insurance Company v. Brickajlik,* [342] Pa. Super. [621], 493 A.2d 764 (1985) [*rev'd,* 513 Pa. 627, 522 A.2d 531 (1987)]. But a showing of harm is also a prerequisite for a court order compelling specific performance." *Id.* at 168. Also see, *Paxton National Insurance Company v. Brickajlik,* 513 Pa. 627, 522 A.2d 531 (1987); compare *Hill v. Nationwide Insurance Company,* 391 Pa. Super. 184, 570 A.2d 574 (1990); *Vanderveen v. Erie Indemnity Company,* 417 Pa. 607, 208 A.2d 838 (1965); *Foster v. Colonial Assurance Company,* 668 A.2d 174 (Pa. Commw. 1995).

In addition, I concluded that the policy provision cannot be enforced because it is inconsistent with the insurance company's obligations under the Motor Vehicle Financial Responsibility Law.

"The Motor Vehicle Financial Responsibility Law is comprehensive legislation governing the rights and obligations of the insurance company and the insured under liability insurance policies covering motor vehicles. This legislation specifies the benefits that must be provided and the benefits that must be made available (75 Pa.C.S. §§1711, 1712, 1715, 1731); it requires various exclusions (section 1718); and it provides for payment of benefits within 30 days after the insurance company receives reasonable proof of the amount of the benefits (section 1716). Provisions within an insurance contract which impose additional burdens on an insured before the insured may recover these benefits to which the insured is statutorily entitled are inconsistent with this legislative scheme. Thus, we will not enforce a provision within an insurance policy that would make payment of benefits dependent upon the insured appearing for a physical examination that the law does not require.

"If the Motor Vehicle Financial Responsibility Law had not dealt with the issue of when an insured may be compelled to submit to a physical examination, this matter could perhaps be governed by the insurance contract. But through section 1796(a), the legislature has balanced the interests of the insurance company in obtaining more complete information in support of a claim through a physical examination by a physician selected by the insurance company and the interests of the insured in having claims paid without being subjected to the inconvenience and invasion of privacy that such an examination imposes, by providing for an examination pursuant to a court order obtained by the insurance company based upon good cause shown. The necessity for protecting this legislative balance was recognized in *State Farm Mutual [Automobile] Insurance Company v. Morris* [289 Pa. Super. 137, 432 A.2d 1089 (1981)]:

" 'However, the No-fault Motor Vehicle Insurance Act contains no requirement that the insurer pay the fees of an attorney who accompanies his or her client to the examination. Indeed, despite the broad discretion vested by statute in a court of common pleas, it is difficult to conceive of circumstances which would warrant a court in requiring an insurer to pay counsel fees as a condition precedent to a physical examination of an insured. Upon good cause shown, an insurer is entitled to an order directing a claimant to appear for a physical examination. That right should not be impaired by the imposition of unnecessary and unreasonable conditions calculated to discourage insurers from using a procedure intended to aid in the prompt and fair compensation of accident victims in Pennsylvania. [*Id.* at 142-43,] 432 A.2d at 1092.'

"Thus, we conclude the clause which Erie seeks to enforce is inconsistent with Erie's obligation to pay benefits whenever the insured submits reasonable proof supporting his or her claim.

"Also, section 1796(b) of the Motor Vehicle Financial Responsibility Law requires the insurance company causing the examination to be made pursuant to section 1796(a), to deliver promptly (upon request) to the person examined every written report concerning the examination. The provision of the insurance agreement governing physical examinations does not make written reports of the examination conducted pursuant to the agreement available to the insured. This provision was not bargained for; it is included in Erie's standard policy that the insured must accept. Thus, if a court were to permit the insured's duty to submit to a physical examination to be governed also by the insurance agreement prepared by the insurance company, we would be destroying the policy of the legislature of making

written reports of the examination available to the insured. Since the legislature would not be assumed to have intended a result that is unreasonable or absurd (1 Pa.C.S. 1922), it did not intend to permit these protections afforded the insured to be denied by an insurance policy prepared by the party which the legislation was designed to regulate. *May[hugh] v. Coon,* [460 Pa. 134-35,] 331 A.2d 452, 455-56 (1975)." *Erie Insurance Exchange v. Dzandony, supra.*

Nationwide contends that I can no longer follow *Erie Insurance Exchange v. Dzandony* because of the Superior Court's ruling in *Fleming v. CNA Insurance Companies,* 409 Pa. Super. 285, 597 A.2d 1206 (1991). In *Fleming,* the insureds appealed from a court order granting the insurance company's motion to compel medieal examinations; the insureds asserted that the insurance company failed to show good cause as specified under section 1796 of the Motor Vehicle Financial Responsibility Law.

In its motion to compel the medical examinations, the insurance company based its request for medical examinations on section 1796, Pa.R.C.P. no. 4010, and a policy provision that the insured shall submit to a physical examination by a physician of the insurance company's choice. The Superior Court affirmed the trial court's order without discussion of whether the insurance company had met the good cause requirement of section 1796 because the policy provision required the insureds to submit to a medical examination without any showing of good cause. In its opinion, the Superior Court stated that appellants "did not challenge this policy provision as being void as against public policy or void as unconscionable in their answer in the lower court or on appeal." *Id.* at 289, 597 A.2d at 1208.

In the present case, the insured at oral argument opposed Nationwide's petition on the basis of my ruling in *Erie Insurance Exchange v. Dzandony, supra.* Since the *Fleming* opinion never reached the issues raised in my opinion in *Erie Insurance Exchange v. Dzandony,* there is no appellate court case law that is inconsistent with this opinion. Consequently, I am denying Nationwide's petition on the basis of my opinion in *Erie Insurance Exchange v. Dzandony.*

## ORDER

On January 28, 1997, it is hereby ordered that Nationwide Insurance Company's petition to compel independent medical examination is denied. This order is entered without prejudice to petitioner to file a new petition which sets forth good cause for a medical examination.