J-A18045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GENE MOORE | : | |
| | : | No. 329 WDA 2017 |
| Appellant | : | |

Appeal from the Order February 3, 2017
In the Court of Common Pleas of Jefferson County
Civil Division at No(s):  1118-2016 CD

BEFORE:  BOWES, LAZARUS and OTT, JJ.

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 06, 2017**

Gene Moore appeals from the order entered on February 3, 2017, in the Court of Common Pleas of Jefferson County, compelling him to submit to an independent medical examination (IME) at the request of Nationwide Mutual Insurance Company (Nationwide).  In this timely appeal, Moore argues the trial court erred in compelling the IME pursuant to language in Nationwide's policy of insurance because he was not a party to that contract. Additionally, Moore argues the policy provision relied upon to compel the IME is void against public policy, as it does not comply with the statutory requirement of "good cause shown" as required by 75 Pa.C.S. § 1796.  After a thorough review of the submissions by the parties, including an amicus brief filed on behalf of Moore by the Pennsylvania Association for Justice, the certified record, and relevant law, we affirm.

The underlying facts of this matter are simply related.[1] On March 23, 2016, Amy Shiock was the owner and operator of a motor vehicle that was involved in an accident with Gene Moore, who was riding a bicycle at the time. Shiock was properly insured by a policy issued by Nationwide Mutual Insurance Company. Moore was not otherwise covered by a policy of motor vehicle insurance. Moore submitted his subsequent medical bills to Nationwide, which paid medical expenses in the total amount of $90,580.84. Pursuant to Nationwide's petition to compel IME, these bills were paid as first party benefits, pursuant to 75 Pa.C.S. § 1713(4). After two months' treatment at Keystone Physical Therapy, Moore was discharged from medical care as having reached a treatment plateau. Approximately one month later, Moore reported to the Pottstown Memorial Medical Center complaining of back pain. Pursuant to the trial court opinion, Moore told the medical providers his pain was precipitated by moving furniture. Moore then submitted his medical bills to Nationwide as being related to the motor vehicle accident.

Subsequently, Nationwide requested an IME, to which Moore declined to submit. Nationwide filed its petition to compel IME, and based its demand on the policy which requires injured persons seeking benefits to submit to

_____

[1] All facts are taken from Nationwide's petition to compel IME and exhibits attached thereto.

medical examinations as often as "reasonably requested"[2]. Nationwide attached three exhibits to the petition: Exhibit 1 was the final progress note from Moore's rehabilitation treatment from the automobile accident, Exhibit 2 was documentation from the emergency room visit following Moore reinjuring his back, and Exhibit 3 was the relevant page from the Nationwide insurance policy. The trial court reviewed the document and determined that based upon the allegations in the petition and the attached exhibits, Nationwide had demonstrated good cause and granted the petition. Although the trial court refers to *Fleming v. CNA Insurance Companies*, 597 A.2d 1206 (Pa. Super. 1991)[3] in the last sentence of its Pa.R.A.P. 1925(a) decision, it is clear from reading the decision that the trial court based its ruling on the petition and exhibits appended thereto, and statutory interpretation of 75 Pa.C.S. § 1796.

Our standard of review for an order compelling or denying an independent medical examination is as follows:

> A trial court is authorized to order an independent medical examination of a plaintiff upon a showing of good cause for such an exam. Whether good cause exists is a determination committed to the sound discretion of the trial court, whose decision may not be reversed in the absence of an error of law or abuse of discretion.

[2] *See* Petition to Compel Independent Medical Examination, 12/19/2016 at ¶11.

[3] The relevance of this case will be discussed later in this decision.

***McGratton v. Burke***, 674 A.2d 1095, 1097 (Pa. Super. 1996) (citations omitted).

Instantly, the trial court reviewed Nationwide's petition and issued an order compelling Moore to appear for an IME based upon statutory interpretation of 75 Pa.C.S. § 1796, and upon good cause shown, as facially demonstrated in Nationwide's petition. Specifically, the trial court stated:

> The relevant statutory provision does not differentiate between contractual and statutory beneficiaries. It says only that "[w]henever the mental or physical condition of *a person* is material to any claim for medial, income loss or catastrophic loss benefits, a court [,upon good cause shown,] may order *the person* to submit to a mental or physical examination by a physician.["] 75 Pa.C.S.A. § 1796 (emphasis added). It thus speaks of all claimants as a single class, not of different classes of claimants that must be treated differently. [Moore], having made a demand that [Nationwide] compensate him for his June 19, 2016 visit to the Pottstown Memorial Medical Center, is part of that single class. Accordingly, § 1796 applies to him.
>
> As for good cause, the same appears from the face of the petition itself. [Moore] was struck by Amy Shiock's vehicle on March 23, 2016, and over the course of the next two months, [Nationwide] paid his medical expenses in the total amount of $90,580.84. He was then discharged from Keystone rehabilitation on May 18, 2016 after reaching a plateau, and an entire month passed before he went to Pottstown after experiencing back pain. His pain, by his own report to the emergency room staff, was precipitated by him lifting furniture. Though it had been a month since his discharge from Keystone, and though back pain is not an uncommon side effect of lifting furniture, however, [Moore] apparently decided that his back pain was attributable to his prior accident. He thus submitted his bill to [Nationwide] for additional reimbursement, and [Nationwide], questioning the causal relationship between the March 2016 accident and [Moore's] latest complaint, requested that he submit to an independent medical examination. Under the circumstances, it certainly had good cause to do so, not only

- 4 -

because of the discharge and subsequent delay, but also because the nature high injury rate [sic] associated with lifting furniture, particularly when done improperly, evidences that [Nationwide's] request is both legitimate and reasonable.

Trial Court Opinion, 3/13/2017, at 1-2.

We find no fault with this statutory interpretation, or in the determination of good cause shown.

Despite the fact that the trial court based its ruling on section 1796 and "good cause" found on the face of Nationwide's petition, Moore's appeal claims the trial court appeared to rely on *Fleming v. CNA Insurance Companies*, 597 A.2d 1206 (Pa. Super. 1991), and Nationwide's policy, both of which purportedly allow Nationwide to demand an IME without good cause shown. Specifically, Moore takes issue with the last paragraph of the trial court's opinion, which states:

Because § 1796 does not differentiate between contractual and statutory beneficiaries and thus [does] not exclude [Moore] from *Fleming's* holding, and because [Nationwide] has established good cause for requesting an independent medical evaluation, therefore, the Court's February 3, 2017 order should be affirmed.

Trial Court Opinion at 2.

Moore claims:

Nationwide and the trial court rely exclusively upon *Fleming v. [CNA] Insurance Companies*, 409 Pa. Super. 285, 597 A.2d 1206, 1209 (Pa. Super. 1991) for the proposition that [Nationwide] does not have to establish "good cause" in order to obtain an order compelling Mr. Moore's IME as their policy contains provisions requiring Mr. Moore to submit to an IME.

Moore's Brief at 8.

Contrary to Moore's assertion, the trial court did NOT rely exclusively on *Fleming* or on the policy language found in the Nationwide policy.[4] Rather, as discussed above, the trial court found good cause shown based upon 75 Pa.C.S. § 1796.

Because the trial court's decision did not rest upon an interpretation of the Nationwide policy, we need not examine Moore's claim that the Nationwide policy violates public policy. However, contained within that argument is Moore's claim that Nationwide's request for an IME has not demonstrated how such an examination would substantially aid Nationwide's evaluation of the claim. We recognize that for a brief time case law added the requirement that an IME must also "substantially aid the insurer in evaluating the claim" in addition to the statutory requirement of "good cause shown." *State Farm Mutual Automobile Insurance Company v. Zachary*, 569 A.2d 365 (Pa. Super. 1990). However, an *en banc* panel of our Court, in *State Farm Ins. Companies v. Swantner*, 594 A.2d 316 (Pa.

---

[4] Although the trial court noted that it believed its decision did not conflict with *Fleming*, it did not base its decision on *Fleming*. Additionally, the specific relevant language of the Nationwide policy is not to be found in the trial court opinion. Despite claiming the language of the Nationwide policy conflicts with the requirements of section 1796, Moore has not included the specific policy language in his brief. For the benefit of this decision, the relevant clause in the Nationwide policy reads: "Insured persons must submit to examinations by company-selected physicians as often as the company reasonably requires." *See* Nationwide Petition to Compel Independent Medical Examination, Exhibit 3.

Super. 1991) (*en banc*) determined that "our self-imposed restrictions", *id*. at 320, were contrary to statutory intent. **Swantner** reiterated that the basis to order an IME is good cause shown.[5] We have already determined the trial court did not err in its finding of good cause shown. Therefore, this argument is unavailing.

Accordingly, we affirm the order compelling Moore to appear for an IME.[6]

Order affirmed.
Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/6/2017

_____

[5] In **State Farm Insurance Companies v. Hunt**, 569 A.2d 365 (Pa. Super. 1990), a panel of our court simply noted that it was "patently clear", **id**. at 367, that an IME would substantially aid the insurer's investigation where the good cause shown was five months more chiropractic treatment than had been originally predicted. Here, the good cause evidence is even more compelling – a lapse in treatment combined with a self-admitted, intervening incident. Accordingly, if we were required to rule on the issue, that an IME would substantially aid Nationwide's evaluation of the claim is implicit in the trial court's determination of good cause shown.

[6] The *amicus curiae* brief filed by the Pennsylvania Association for Justice is also premised on the position that the trial court based its decision on the Nationwide policy language and **Fleming**. The *amicus curiae* brief also fails to include the specific policy language at issue. Accordingly, we have no need to address that brief.